NOT DESIGNATED FOR PUBLICATION

No. 114,158

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRANCE KELLY,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed May 27, 2016. Affirmed.

*Richard P. Klein,* of Olathe, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and SCHROEDER, JJ.

*Per Curiam*:  Terrance Kelly appeals the district court's summary disposition of his K.S.A. 60-1507 motion filed almost 20 years after he entered his plea of guilty to felony murder and aggravated robbery. We find no abuse of discretion and affirm.

FACTS

This is not Kelly's first trip to the Kansas appellate courts, and the facts leading up to this appeal have been well summarized by the Kansas Supreme Court in *State v. Kelly*, 298 Kan. 965, 966-68, 318 P.3d 987 (2014). Relevant portions are repeated below:

1

"When he was 14 years old, Kelly robbed a liquor store, killing the store clerk with a sawed-off shotgun. The State charged him with premeditated first-degree murder, an alternative charge of first-degree felony murder, and aggravated robbery. The district court certified Kelly for adult prosecution. He later pleaded guilty to felony murder and aggravated robbery. The district court imposed a hard 15 life sentence for the felony-murder conviction and a consecutive 172-month sentence for the aggravated robbery conviction. Approximately 12 years later, Kelly moved to withdraw those pleas and correct what he argue[d] is an illegal sentence for the aggravated robbery conviction.

"In support of the motion to withdraw his pleas, Kelly allege[d] his attorneys failed to: (1) fully explain the sentencing consequences of the pleas; (2) keep him informed during the plea negotiations; (3) investigate and advise him of alternate defenses or trial strategies; and (4) explain the possibility of 'diversion . . . from the criminal process,' *i.e.,* not challenging his prosecution as an adult and failing to assert his *Miranda* rights with respect to his pretrial statements to police. He further claim[ed] on appeal that his hard 15 life sentence and the consecutive 172-month prison sentence constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution and/or § 9 of the Kansas Constitution Bill of Rights.

. . . .

"On remand, the district court again denied the motion without conducting an evidentiary hearing. In doing so, it observed that Kelly had two trial attorneys, both of whom participated in the plea hearing and separately stated on the record that they had informed Kelly of the rights he was waiving, and that even if counsel had not informed Kelly of the rights being waived, he could not establish prejudice because the district court informed him of those rights during the plea hearing. The court also rejected Kelly's claims that trial counsel failed to properly advise him of the sentencing ranges, and again determined that even if trial counsel had not properly advised him of the possible sentencing range, the district court had 'fully informed Defendant of the sentencing range at the plea hearing.'

"Similarly, the district court found from the record that trial counsel had apprised Kelly of the plea discussions and were very effective in those negotiations. The court likewise found no merit in Kelly's claims that his attorneys failed to investigate alternate defenses and trial strategies. It noted Kelly did not identify any potential defenses or strategies his attorneys allegedly failed to investigate and Kelly had expressly stated at the plea hearing that he was satisfied with the plea and with his attorneys' representation.

2

The district court also found Kelly's attorneys were not ineffective for allegedly failing to pursue a claim that Kelly's *Miranda* rights were violated. The court determined Kelly's sole contention that police questioning was improper because his parent, guardian, or attorney was not present was insufficient to establish a violation of his *Miranda* rights under the factors set out in *State v. Young,* 220 Kan. 541, Syl. ¶ 2, 552 P.2d 905 (1976) ('The age of the juvenile, the length of the questioning, the juvenile's education, the juvenile's prior experience with the police, and the juvenile's mental state are all factors to be considered in determining the voluntariness and admissibility of a juvenile's confession into evidence.').

"Finally, the district court concluded that Kelly's failure to timely assert his actual innocence and the long delay in filing the motion to withdraw his plea weighed against determining that manifest injustice existed."

Kelly appealed the district court's summary denial of his motion to withdraw his pleas. The Kansas Supreme Court held that summary disposition of Kelly's postsentence motion to withdraw his pleas under K.S.A. 22-3210(d) was appropriate because there were no substantial questions of law or triable issues of fact and the files and records conclusively showed Kelly was not entitled to relief on the motion. "The movant bears the burden of alleging facts sufficient to warrant a hearing. Mere conclusions for which no evidentiary basis is stated or appears are insufficient." *Kelly,* 298 Kan. 965, Syl. ¶ 2. Furthermore,

"[a] postsentence motion to withdraw a plea under K.S.A. 22-3210(d) alleging ineffective assistance of counsel due to deficient performance must meet the constitutional standards articulated in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L .Ed. 2d 674, *reh. denied* 467 U.S. 1267(1984), to establish manifest injustice. The defendant must demonstrate: (a) Counsel's performance fell below the standard of reasonableness; and (b) there was a reasonable probability that, but for counsel's errors, the defendant would not have entered the plea and would have insisted on going to trial." *Kelly*, 298 Kan. 965, Syl. ¶ 4.

The court found Kelly failed to demonstrate manifest injustice as required by K.S.A. 22-3210(d) to withdraw his pleas.

"At Kelly's plea hearing, one of his attorneys said, '[W]e have shown [Kelly] the sentencing range under the guidelines,' adding that he had advised Kelly of the 'best-case worst-case middle-case scenario.' And, notwithstanding what his attorneys may or may not have specifically told him off the record, Kelly acknowledged during a colloquy with the trial court at the plea hearing that he understood that he faced a possible life sentence for the felony-murder charge and a sentencing range of 46 to 206 months for aggravated robbery. We observe nothing in the record that supports Kelly's allegations regarding the range of sentences he might expect. In addition, we agree with the district court that it is relevant in deciding an allegation of manifest injustice that Kelly received his sentence, made no contemporaneous objection, and waited another 12 years before advancing these claims.

"We hold the district court was correct to summarily conclude Kelly's counsel was not ineffective and to refuse to allow plea withdrawal as to this claim

. . . .

"Finally, we hold further that each of Kelly's ineffectiveness arguments fails because he does not claim his decision to enter his pleas would have changed, but for the alleged deficient performance by his attorneys. . . .

"[T]he record shows Kelly requested that his attorneys enter into plea negotiations after his accomplices were convicted in jury trials and he learned of their sentences. The record further shows his request was motivated by a recognition and fear that he likely would receive a greater sentence of imprisonment than his accomplices if he went to trial because he was the shooter. At the plea hearing, Kelly's lawyers both expressed concerns that Kelly could be found guilty of a premeditated killing that would subject him to a hard 25 or hard 40 sentence. And one of Kelly's lawyers concluded that Kelly could face a sentence of such length that 'he might die in the penitentiary' if convicted at trial because of his prior juvenile record.

"In light of the stated justifications for pleading guilty, it is apparent he entered his pleas with the specter of harsher punishment looming if he chose to go to trial—a risk that remained regardless of the information he alleges was withheld. We hold that Kelly has failed to establish prejudice. There is no reasonable probability he would have insisted on going to trial instead of entering his pleas under the circumstances.

4

"For these reasons, we hold the district court did not err in denying Kelly's motion as to the ineffective assistance of counsel claims without the benefit of an evidentiary hearing." *Kelly*, 298 Kan. at 970-74.

On June 12, 2014, Kelly filed a motion to correct an illegal sentence pursuant to K.S.A. 22-3504 on the basis of *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *as modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The district court denied his motion and it was not appealed.

Kelly filed this K.S.A. 60-1507 motion February 9, 2015. The district court concluded Kelly's motion was time barred and that Kelly failed to demonstrate an extension of time was necessary to prevent manifest injustice. The district court went through each of Kelly's ineffective assistance of counsel arguments and found that he had failed to raise any substantive issue of law or fact deserving a hearing before the district court.

Kelly timely appeals.

ANALYSIS

*Was Kelly's K.S.A. 60-1507 motion for relief sufficient to survive summary disposition?*

On appeal, Kelly argues the district court erred when it summarily denied his claim for relief pursuant to K.S.A. 60-1507. While Kelly acknowledges his motion is untimely, he argues the district court should have extended the time limitation to prevent manifest injustice. Kelly argues "[h]e had good cause to not file his petition within the one-year time limit and his representation prior to and during his plea was not constitutionally adequate." Kelly argues he was incapable of filing a timely K.S.A. 60-1507 motion and his trial counsel did not properly explain the consequences of his plea,

5

telling him "to agree that everything was okay and to not ask questions at his plea hearing."

Upon receipt of a K.S.A. 60-1507 motion, the district court has three options to resolve the motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. *Sola-Morales*, 300 Kan. at 881. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: "[T]he judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b) (grounds for relief); see Supreme Court Rule 183(g) (2015 Kan. Ct. R. Annot. 271) (preponderance burden).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet

6

this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]). The district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law with respect thereto, unless the motion and the files and records of the case conclusively show the movant is not entitled to relief. K.S.A. 60-1507(b); Supreme Court Rule 183(f) and (j).

A defendant has 1 year from when a conviction becomes final to file a K.S.A. 60-1507(a) motion. K.S.A. 60-1507(f)(1). Individuals who had claims preexisting the 2003 statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). The 1-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent manifest injustice. K.S.A. 60-1507(f)(2). Manifest injustice must be determined from the totality of the circumstances. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). A defendant who files a K.S.A. 60-1507 motion outside the 1-year time limitation of K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Kelly's motion is out of time, and he acknowledges it is. His claim preexisted the 2003 statutory amendment and, thus, he had until June 30, 2004, to file his K.S.A. 60-1507 motion. Additionally, Kelly failed to demonstrate manifest injustice as required for the district court to consider an untimely K.S.A. 60-1507 motion.

> "[C]ourts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year

7

time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." *Vontress*, 299 Kan. at 616.

First, Kelly argues circumstances prevented him from filing within the time limitation because, when he was first sentenced in April 1995, he was held in administrative segregation until 2007 without access to legal resources. When he did have access to legal resources, his motion to withdraw his plea was initially improperly classified as a K.S.A. 60-1507. His motion to withdraw his plea was not concluded until April 30, 2014, therefore, the time period between 2007 and 2014 should not be counted against him. This argument is premised on a conclusion, without any factual support, that Kelly was not able file any motions until 2007. Kelly's rationale is not persuasive.

Second, Kelly argues the merits of his claim raise substantial issues of fact deserving of the district court's consideration. Specifically, Kelly alleges his counsel failed to fully explain the consequences of his plea and told him to not ask any questions of the district court at the time he was entering his plea. Kelly argues his counsel told him that he would receive a sentence of 13 years and get good time credit:

> "The issue at question is based solely on discussions had between counsel and Mr. Kelly. There is simply no way to determine what happened in those discussions from the current record. Moreover, these are fairly troubling accusations. If true, they undercut at the heart of a defense attorney's job. Thus, because there were substantial issues of fact involved in this case, this Court should reverse the district court's decision and remand for a hearing."

While this is Kelly's first motion pursuant to K.S.A. 60-1507, this is not the first time he has argued ineffective assistance of counsel. He made the same arguments in his motion to withdraw his plea which was appealed twice to the Kansas Supreme Court. The Supreme Court found his allegations were not supported by the facts in the record before the district court. This issue is barred by res judicata.

Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise de novo review. *In re Tax Appeal of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012); *Miller v. Glacier Development Co.*, 293 Kan. 665, 668, 270 P.3d 1065 (2011).

> "'An issue is res judicata when four conditions concur: (1) identity in the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the action, and [4] identity in the quality of persons for or against whom claim is made. [Citation omitted.] The requirements of collateral estoppel are: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment. [Citation omitted.]' *Regency Park v. City of Topeka*, 267 Kan. 465, 478, 981 P.2d 256 (1999)." *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284 (2002) (discussing doctrine of collateral estoppel/issue preclusion).

See *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014) (upholding denial of 60-260[b] motion in criminal case based, in part, on res judicata); *Shelton v. DeWitte*, 271 Kan. 831, 836-37, 26 P.3d 650 (2001) (doctrine of res judicata prevents splitting single cause of action or claim into two or more suits).

Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised. Issues that could have been raised are deemed waived. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014); see *State v. Martin*, 294 Kan. 638, 279 P.3d 704 (2012) (issues raised and decided in prior 60-1507 motions or motions to correct an illegal sentence are res judicata and cannot be raised in subsequent motions); but see *State v. Alonzo*, 296 Kan. 1052, 1057, 297 P.3d 300 (2013) (a defendant who did not challenge the sentence on direct appeal is not barred by res judicata from later filing a motion to correct illegal sentence). When identical issues are raised in a motion to withdraw a plea, as in a motion pursuant to K.S.A. 60-1507, the identical issues are res judicata; the defendant may not reassert the

9

same issues previously rejected. See *State v. Baker*, No. 106,171, 2012 WL 5392094, (Kan. App. 2012) (unpublished opinion); *Woods v. State*, No. 105,948, 2012 WL 6734507, (Kan. App. 2012) (unpublished opinion) *rev. denied* 297 Kan. 1257 (2013); *Taylor v. State*, No. 103,473, 2011 WL 1376998 (Kan. App. 2011), *rev. denied* 293 Kan. 1114 (2011).

Kelly previously argued his defense counsel told him he would serve a maximum of 10 years with good time credit; however, the Kansas Supreme Court rejected his arguments finding it was clear Kelly understood what he was pleading to and it was also clear Kelly received a significantly lower sentence as a result of his attorneys' negotiations than he would have most likely received at trial. *Kelly*, 298 Kan. at 970-74. This issue is res judicata. While Kelly did not specifically raise the issue that his attorney had told him to not ask any questions, the issue is within the realm of what should have been raised or could have been raised the first time he alleged ineffective assistance of counsel. We see no reason why Kelly did not raise this issue at the same time of his other alleged ineffective assistance of counsel claims. We find Kelly waived the claim, and the district court was right to summarily deny his motion for relief.

Affirmed.