NOT DESIGNATED FOR PUBLICATION

No. 115,773

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SPENCER ADAMS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed July 21, 2017. Affirmed.

*Debera A. Erickson*, of Kansas City, for appellant.

*Kayla Roehler*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*:  Spencer Adams asks us to reverse the summary dismissal of his habeas corpus motion in which he had claimed trial court errors and ineffective assistance by his attorney. We will not turn this into a second appeal and, therefore, affirm.

Serving a lengthy prison sentence for attempted second-degree murder, Adams filed a pro se habeas corpus motion which the district court summarily dismissed because the motion, files, and records conclusively showed Adams was entitled to no relief. In dismissing the motion, the court did note that a K.S.A. 60-1507 motion may not be used

1

as a substitute for a direct appeal and that Adams had shown no exceptional circumstances that would call for an evidentiary hearing on the motion.

In this appeal, Adams contends:

- The trial court erred in limiting Adams' scope of cross-examination of the State's critical witnesses, which violated his right of confrontation;
- the trial court erred in excluding evidence that was an integral part of his theory of defense;
- the court erred in allowing testimony that was unreliable or perjured; and
- Adams' trial counsel was ineffective when he did not request testing on evidence collected at the crime scene.

As we shall see, the district court was correct—this is an attempt for a second appeal that is not permitted by law.

We need not repeat all of the sordid details of Adams' brutal attack on his girlfriend because they are set out in his direct appeal, *State v. Adams*, No. 106,059, 2012 WL 4677843 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1247 (2013). Essentially, Adams beat his girlfriend using his fists and a cooking pan. His girlfriend, Susan Pavlovic, "suffered a subdural hematoma, a fractured skull, a laceration to her scalp, a fractured sternum, several broken ribs, and hemorrhaging in her abdomen. Her brain was visible through the hole in her skull."

Pavlovic testified at trial that Adams hit her all over her head and arms and threatened to kill her. David McCarter, a friend of Adams, testified that when he entered Adams' apartment, he heard popping noises, saw Adams holding a cooking pan, and saw Pavlovic slumped between Adams' legs. Adams said he thought he may have killed her.

Adams testified at trial. He denied that he caused Pavlovic's injuries. Adams said that he and McCarter left the apartment together and found Pavlovic when they came back. He saw Pavlovic slumped over with blood everywhere and took a hold of her, getting blood on his shorts.

His jury found him guilty of attempted second-degree murder. Because it is pertinent to this appeal, we will give several details about the posttrial proceedings in the criminal case. They have a bearing on how we will rule.

Adams' trial counsel moved for a new trial and Adams himself filed two pro se motions for a new trial and a motion for evidence of ineffective assistance of counsel. The court appointed new counsel and the new counsel also filed a motion for a new trial.

At the hearing on the motions for a new trial, among other things, Adams argued:

- that an order in limine prevented him from cross-examining Pavlovic on her credibility because she had made a "false" rape allegation in the past;
- that he believed McCarter's and Pavlovic's testimony were perjured;
- his trial counsel was ineffective for not effectively cross-examining a key witness and not having certain evidence tested;
- the physical evidence was not consistent with the witnesses' testimony—he questioned how he could have struck Pavlovic without getting blood on his shirt.

The trial court denied the motions. When it considered the exclusion of the evidence of an unprosecuted rape allegation made by Pavlovic, the court found that the prior rape allegation was not pursued because of a lack of cooperation from Pavlovic. In the court's view, a lack of cooperation is not a false report. The evidence did not affect Pavlovic's credibility. The court also noted the allegation did not involve Adams.

3

Regarding Adams' ineffective assistance of counsel arguments, the court stated:

"The ineffective assistance of counsel argument is probably the weakest argument presented by counsel and the defendant in that it's this court's recollection firsthand that the defendant's substantial criminal rights were protected at every stage of these proceedings vigorously and within the boundaries of the law by his trial counsel Mr. Leiker."

With respect to the testing of evidence, the court noted that, "There was no evidence of a third party, third person, other guy. . . . the only one with an opportunity to have committed this crime was, in fact, the defendant."

After making its ruling, the judge sentenced Adams to a term of 228 months in prison. Adams appealed.

A panel of this court affirmed Adams's conviction. The court considered whether the trial court improperly excluded evidence of the unprosecuted rape allegation made by Pavlovic. The court found that the prior rape allegation was properly excluded because it was not relevant. There was no indication that the rape report was false. Rather, Pavlovic did not want to prosecute and the case was dropped. There was no way the evidence could be used to question Pavlovic's credibility. *Adams*, 2012 WL 4677843, at *10.

Adams also asserted he should have been permitted to cross-examine Pavlovic on her bipolar disorder to impeach her credibility. At trial, the court permitted Adams to bring up Pavlovic's bipolar disorder but he was not permitted to question Pavlovic on the specific medications she was taking for it. The panel found no error in the district court's decision that the medications were irrelevant. 2012 WL 4677843, at *11. The court also found that trial counsel was not ineffective in his cross-examination of Pavlovic or McCarter. 2012 WL 4677843, at *9.

4

Additionally, the court considered whether Adams' trial counsel was ineffective for failing to collect and test his clothing from the night of the incident. Adams argued that if he had beaten Pavlovic, then blood would have been all over this clothing. The panel rejected the argument after concluding that testing would not have made any difference because Adams admitted Pavlovic's blood was on his clothing. 2012 WL 4677843, at *9.

The Kansas Supreme Court declined to review the matter.

*We repeat the law that guides us.*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either:

(1) the judgment was rendered without jurisdiction;

(2) the sentence imposed was not authorized by law or is otherwise open to collateral attack; or

(3) there has been such a denial or infringement of the prisoner's constitutional rights to render the judgment vulnerable to collateral attack.

See K.S.A. 60-1507(b); Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222).

Summary dismissal of a K.S.A. 60-1507 motion is appropriate when the motion, files, and case records conclusively show the prisoner is entitled to no relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). When the district court summarily denies a K.S.A. 60-1507 motion, the appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

5

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Sola-Morales*, 300 Kan. at 881.

Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 223) clearly prohibits the review of trial errors in a habeas corpus collateral attack of a conviction, for that is the province of the direct appeal:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

The term "exceptional circumstances" has been defined to include "unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding." *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). We note that it is true that exceptional circumstances can include ineffective assistance of counsel. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

*We see no exceptional circumstances here.*

When we consider Adams' arguments on appeal, we can see he tried to use this K.S.A. 60-1507 motion as a substitute for a second appeal in violation of Rule 183(c)(3).

In Adams' first two arguments he contends the trial court erred by excluding evidence regarding Pavlovic's prior rape allegation and her mental illness. He argues the

court's ruling prevented him from cross-examining the State's witness, calling his own witnesses, and testifying himself. He argues that this evidence was his only real defense.

Whether the trial court erred by excluding the evidence of an unprosecuted rape allegation has already been fully litigated. We will not now reconsider the panel's prior ruling that the evidence was irrelevant, had no bearing on Pavlovic's credibility, and that Adams' characterization of the unprosecuted allegation as a "false claim" was wholly inaccurate and unsupported by evidence. Adams also argued on direct appeal that he should have been able to cross-examine Pavlovic more on her mental illness. The panel clearly rejected the argument. See *Adams*, 2012 WL 4677843, at *10.

Moving on, Adams briefly argues that his trial counsel was ineffective for failing to request an evidentiary hearing and present evidence so the trial court could have made an informed decision on the relevance of the unprosecuted rape allegation. However, there is no indication that the trial court did not make an informed decision on this matter. Adams does not state what evidence would be presented at such a hearing that would have changed the court's decision. Who are the witnesses that would testify? What would the witnesses say? A K.S.A. 60-1507 movant must set forth an evidentiary basis to support a contention. *Sola-Morales*, 300 Kan. at 881.

Adams next argues that Pavlovic's and McCarter's testimony was so inconsistent with the physical evidence that the court should have known the evidence was false testimony. He offers no support for this assertion. On direct appeal, Adams also argued this issue. He now uses this motion as a substitute for a second appeal. To the extent that he has articulated the argument differently in his K.S.A. 60-1507 motion, Adams alleges no exceptional circumstances which excused his failure to bring this issue on direct appeal.

After careful consideration of his arguments, we conclude that these claims are also barred by the doctrine of res judicata. After a direct appeal is taken from a criminal conviction, the doctrine of res judicata precludes the parties to the appeal from relitigating any issue decided in the direct appeal. Further, those issues that could have raised on direct appeal, but were not, are deemed waived in a collateral proceeding. *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 2, 326 P.3d 1083 (2014); *Woods v. State*, 52 Kan. App. 2d 958, Syl. ¶ 1, 379 P.3d 1134 (2016), *petition for rev. filed* September 12, 2016. Res judicata provides that issues finally determined cannot afterwards be relitigated. Res judicata requires four elements: (1) the same claim; (2) the same parties; (3) that the claims were or could have been raised; and (4) a final judgment on the merits. *Bogguess v. State*, 306 Kan. ___, 395 P.3d 447, 452 (2017); *Kingsley*, 299 Kan. at 901.

Finally, in his last argument, he claims his trial counsel was ineffective for not having evidence collected at the crime scene tested and not hiring an expert to establish that the blood on his clothing was inconsistent with the witness testimony. He argues that witnesses testified that there was blood "splatter" on his clothing. Adams contends that the blood on his clothing was not "splatter" from hitting Pavlovic, but was caused by "transfer" when he found her bloody body and tried to help her.

Again, to prevail on a claim of ineffective assistance of counsel, Adams must establish (1) that the performance of defense counsel was deficient under all of the circumstances; and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882.

We note that Adams' argument that counsel was ineffective for failing to test evidence has already been litigated and rejected on direct appeal. He could have articulated his distinction between "splatter" and "transfer" on direct appeal. After Adams filed his motion for a new trial alleging ineffective assistance of trial counsel, Adams'

8

trial counsel, who he claims was ineffective, was replaced. There is no reason why Adams could not have raised this specific permutation of his ineffective assistance of counsel claim previously. Again, he shows us no exceptional circumstances why he could not have raised the splatter/transfer distinction then.

Finally on this point, Adams has not shown a reasonable probability the jury would have reached a different result with this blood evidence. Based on McCarter's and Pavlovic's testimony, there was overwhelming evidence of Adams' guilt. See *Adams*, 2012 WL 4677843, at *7.

Affirmed.