(231 P.3d 582)
No. 101,784

STATE OF KANSAS, *Appellee*, v. Alcena Dawson, *Appellant*.

Opinion filed May 21 , 2010.

*Carl F.A. Maughan* and *Brian Hitchcock*, of Maughan and Maughan LC., of Wichita, for appellant.

*Julie A. Koon* and *Matt J. Maloney*, assistant district attorneys, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, for appellee.

Before CAPLINGER, P.J., PIERRON, J., and BRAZIL, S.J.

CAPLINGER, J.: Alcena Dawson appeals from the district court's summary denial of his K.S.A. 22-3504 motion to correct an illegal sentence. Dawson claims that a literal reading of K.S.A. 22-3504 requires the district court to appoint counsel and conduct a hearing on his motion, and that he had a right to be present at the hearing. Dawson essentially asks this court to overturn *State v. Duke*, 263 Kan. 193, 195-96, 946 P.2d 1375 (1997), in which our Supreme Court rejected this very argument.

Aside from the obvious problem that this court may not overturn our higher court, Dawson's appellate counsel has unsuccessfully asserted this same argument before our Supreme Court in at least 9 appeals in the past 5 years, and before panels of this court in

approximately 30 appeals in that same time period. Further, in this appeal, as in those many appeals, Dawson's appellate brief fails to recognize the numerous recent opinions from both courts rejecting his argument.

Because we must once again reject this interpretation of K.S.A. 22-3504, and because Dawson fails to argue the merits of the issue, we affirm the district court's summary denial of his K.S.A. 22-3504 motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Dawson was convicted of rape in 1997 and prior to sentencing filed a written objection to his criminal history score.

Dawson specifically challenged three person misdemeanor convictions that had been aggregated into one person felony, claiming the misdemeanor convictions were uncounseled. Following an evidentiary hearing, the sentencing court found the records sufficiently established that Dawson was counseled when he pleaded to all three charges in May 1997 and overruled Dawson's objections.

Dawson appealed, claiming, *inter alia*, the district court erred in finding the three misdemeanors were counseled and in using those convictions to increase his criminal history score. A panel of this court affirmed the district court's finding that Dawson was represented by counsel on all three misdemeanors, rejected all of Dawson's appellate claims, and affirmed his sentence and conviction. *State v. Dawson (Dawson I)*, No. 79,652, unpublished opinion filed December 23, 1999, *rev. denied* 269 Kan. 935 (2000), slip op. at 4-6.

In 2001, Dawson filed a K.S.A. 60-1507 motion which was summarily denied. Dawson did not appeal. In 2002, Dawson filed a second K.S.A. 60-1507 motion. The district court appointed counsel, conducted a preliminary hearing, and denied the motion, finding it successive and lacking in evidentiary basis. Dawson appealed. *Dawson v. State (Dawson II)*, No. 94,720, unpublished opinion filed December 29, 2006, *rev. denied* 283 Kan. 930 (March 27, 2007), 2006 WL 3877559, at *1.

Dawson appealed the denial of his second 60-1507 motion, challenging, *inter alia*, the aggregation of his misdemeanor convictions. *Dawson II*, 2006 WL 3877559, at *1. The *Dawson II* panel characterized this issue as a trial error that should have been raised on direct appeal and could not be raised in a collateral attack. The panel further concluded Dawson had failed to demonstrate any exceptional circumstances preventing him from raising the issue on direct appeal or in his first K.S.A. 60-1507 motion. Ultimately, the panel affirmed the district court's denial of Dawson's second K.S.A. 60-1507 motion. 2006 WL 3877559, at *1-3.

On April 28, 2008, Dawson filed the pro se motion to correct an illegal sentence at issue in this appeal. The district court summarily denied the motion, finding it raised no issue of fact or law.

In this appeal of the summary denial of his K.S.A. 22-3504 motion, Dawson argues the plain language of K.S.A. 22-3504(1) required the district court to appoint counsel and conduct a hearing on his motion. Dawson essentially urges us to overturn our Supreme Court's decision in *Duke*, 263 Kan. at 196, where the court held that appointment of counsel and a hearing are not automatically required upon the filing of a K.S.A. 22-3504 motion.

## ANALYSIS

Initially, before addressing Dawson's claim on appeal, we note that Dawson fails to brief the merits of the claim he made in district court—*i.e.*, that the sentencing court improperly aggregated his uncounseled misdemeanor convictions. Issues not briefed are deemed waived or abandoned. *State v. Martin*, 285 Kan. 994, 998, 179 P.3d 457, *cert denied* 129 S. Ct. 192 (2008).

Instead, Dawson focuses his appeal on K.S.A. 22-3504(1) and argues the district court erred in failing to strictly apply the statute. In related arguments, Dawson contends the district court's summary denial deprived this court of a sufficient record from which to conduct meaningful appellate review. Further, he suggests our Supreme Court's interpretation of K.S.A. 22-3504 in *Duke* violated the separation of powers doctrine, deprived him of his statutory right to a hearing, and deprived him of the right to counsel under the Sixth Amendment to the United States Constitution.

To the extent Dawson invites this court to revisit and overrule Supreme Court precedent, we necessarily decline that invitation. We are duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Merrills*, 37 Kan. App. 2d 81, 83, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007). As more fully discussed below, it is clear that our Supreme Court has no plans to depart from its interpretation of K.S.A. 22-3504(1).

K.S.A. 22-3504(1) provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

Contrary to Dawson's argument on appeal, our Supreme Court has consistently reaffirmed *Duke* and held that K.S.A. 22-3504(1) does not automatically require appointment of counsel or a hearing on a motion to correct an illegal sentence. See, *e.g.*, *State v. Conley*, 287 Kan. 696, 701-04, 197 P.3d 837 (2008); *State v. Howard*, 287 Kan. 686, 690, 198 P.3d 146 (2008); *State v. Hoge*, 283 Kan. 219, 223-25, 150 P.3d 905 (2007).

Rather, as the State points out, a district court faced with a K.S.A. 22-3504 motion is required to review the motion to determine whether the movant has raised any substantial issues of law or fact. *Hoge*, 283 Kan. at 224; *Duke*, 263 Kan. at 196. Based upon that preliminary examination, the district court may summarily deny the motion if it determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief. *Hoge*, 283 Kan. at 224.

At this juncture, we think it necessary to note that Dawson has filed a 19-page appellate brief that fails to cite or acknowledge any of the many decisions filed after *Duke* rejecting the arguments he makes here. This failure is particularly significant since one of the attorneys representing Dawson in this appeal, Carl Maughan, was counsel of record in at least nine appeals before our Supreme Court in which this argument has been rejected. See *State v. Conley*, 287 Kan. 696; *State v. Hoge*, 283 Kan. 219; *State v. Edwards*,

281 Kan. 1334, 135 P.3d 1251 (2006); *State v. Jones*, 279 Kan. 809, 112 P.3d 123 (2005); *State v. Foster*, No. 98,014, unpublished opinion filed February 13, 2009, 2009 WL 395125; *State v. May*, No. 98,708, unpublished opinion filed January 30, 2009, 2009 WL 242412; *State v. Fields*, No. 97,292, unpublished opinion filed February 1, 2008, 2008 WL 307680; *State v. Clark*, No. 95,163, unpublished opinion filed April 27, 2007, 2007 WL 1239217; *State v. Simmons*, No. 95,096, unpublished opinion filed February 2, 2007, 2007 WL 316788 .

Similarly, Maughan has been counsel of record in approximately 30 appeals before panels of this court in which he has unsuccessfully asserted nearly verbatim arguments regarding K.S.A. 22-3504. Further, as in this case, Maughan's briefs in those appeals failed to recognize the overwhelming precedent rejecting his argument. See *State v. Childers*, No. 98,967, unpublished opinion filed October 31, 2008, *rev. denied* 289 Kan. 1281 (2009), 2008 WL 4849369; *State v. Jackson*, No. 98,623, unpublished opinion filed August 22, 2008, *rev. denied* 287 Kan. 767 (2009), 2008 WL 3916008; *State v. Walker*, No. 97,322, unpublished opinion filed January 11, 2008, 2008 WL 142345; *State v. Jones*, Nos. 96,977, 97,289, 97,290, unpublished opinion filed August 24, 2007, *rev. denied* 285 Kan. 1176 (2007), 2007 WL 2410118; *State v. Davis*, No. 96,688, unpublished opinion filed July 20, 2007, 2007 WL 2080461; *State v. Hooks*, No. 96,303, unpublished opinion filed June 29, 2007, *rev. denied* 285 Kan. 1176 (2007), 2007 WL 1880965; *State v. Clark*, No. 95,163, unpublished opinion filed April 27, 2007, 2007 WL 1239217; *State v. Johnson*, No. 95,582, unpublished opinion filed March 9, 2007, 2007 WL 737928; *State v. Strope*, No. 95,325, unpublished opinion filed March 2, 2007, *rev. denied* 284 Kan. 950 (2007), 2007 WL 656362; *State v. Tauer*, No. 95,152, unpublished opinion filed February 16, 2007, *rev. denied* 284 Kan. 951 (2007), 2007 WL 518895; *State v. Burnett*, No. 95,322, unpublished opinion filed February 16, 2007, *rev. denied* 284 Kan. 947 (2007), 2007 WL 518915; *State v. Glaze*, No. 95,323, unpublished opinion filed February 16, 2007, *rev. denied* 284 Kan. 948 (2007), 2007 WL 518979; *State v. Moss*, No. 95,094, unpublished opinion filed February 9, 2007, *rev. denied* 284 Kan. 949

(2007), 2007 WL 438733; *State v. Toney*, No. 94,987, unpublished opinion filed December 22, 2006, *rev. denied* 283 Kan. 933 (2007), 2006 WL 3773699; *State v. Anderson*, No. 95,440, unpublished opinion filed December 22, 2006, *rev. denied* 283 Kan. 932 (2007), 2006 WL 3774547; *State v. Jones*, No. 94,137, unpublished opinion filed November 9, 2006, *rev. denied* 283 Kan. 932 (2007), 2006 WL 3257446; *State v. Pondexter*, No. 95,119, unpublished opinion filed November 3, 2006, *rev. denied* 283 Kan. 933 (2007), 2006 WL 3231381; *State v. Toney*, No. 94,957, unpublished opinion filed October 13, 2006, *rev. denied* 283 Kan. 933 (2007), 2006 WL 2937190; *State v. Spear*, No. 95,324, unpublished opinion filed October 13, *rev. denied* 283 Kan. 933 (2007), 2006 WL 2937407; *State v. Lockett*, No. 94,954, unpublished opinion filed October 6, 2006, *rev. denied* 283 Kan. 932 (2007), 2006 WL 2864755; *State v. Peterson*, No. 93,777, unpublished opinion filed April 14, 2006, *rev. denied* 282 Kan. 795 (2006), 2006 WL 995368; *State v. Berry-El*, No. 94,264, unpublished opinion filed March 10, 2006, *rev. denied* 282 Kan. 792 (2006), 2006 WL 619322; *State v. Johnson*, No. 92,587, unpublished opinion filed December 23, 2005, *rev. denied* 281 Kan. 1380 (2006), 2005 WL 3527003; *State v. Hill*, No. 92,691, unpublished opinion filed October 28, 2005, *rev. denied* 281 Kan. 1380 (2006), 2005 WL 2840177; *State v. Marshall*, Nos. 91,910, 91,911, 91,912, 91,988, unpublished opinion filed July 1, 2005, *rev. denied* 281 Kan. 1380 (2006), 2005 WL 1561042; *State v. Chestra*, No. 92,351, unpublished opinion filed July 1, 2005, *rev. denied* 280 Kan.985 (2005), 2005 WL 1561051; *State v. Strope*, No. 91,365, unpublished opinion filed January 14, 2005, *rev. denied* 279 Kan. 1010 (2005), 2005 WL 81490; *State v. Mitchell*, No. 89,471, unpublished opinion filed January 23, 2004, 2004 WL 117304.

Because Dawson's filing of a K.S.A. 22-3504 motion did not automatically entitle him to a hearing, presence at a hearing, or appointment of counsel, and because Dawson does not argue the merits of his underlying motion, we affirm the district court's summary denial of Dawson's K.S.A 22-3504 motion.

Affirmed.