No. 116,530

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALCENA M. DAWSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Whether a prior conviction was properly classified as a person or nonperson offense in determining a defendant's criminal history is a question of law over which an appellate court has unlimited review.

2.

An appellate court applies a de novo standard of review to a district court's summary denial of a motion to correct illegal sentence under K.S.A. 22-3504.

3.

Although generally a statute operates only prospectively unless there is clear language indicating the legislature intended otherwise, exceptions have been recognized for amendments that merely clarify rather than change a statute, or statutory changes that are merely procedural or remedial in nature and do not prejudicially affect the substantive rights of the parties.

4.

K.S.A. 22-3504(3), added by a 2017 amendment to K.S.A. 22-3504, clarifies the intended application of the term "illegal sentence," which is used in K.S.A. 22-3504(1), and is procedural in nature.

5.

A sentence is not an illegal sentence based on the holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), if that sentence was final prior to the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed December 8, 2017. Affirmed.

*Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

STUTZMAN, J.:  A jury in the Sedgwick District Court convicted Alcena M. Dawson of rape. His conviction and sentence were affirmed and his subsequent postconviction motions for relief have been denied. He now appeals the district court's denial of his motion to correct an illegal sentence. We find no error and affirm the district court.

FACTS AND PROCEDURAL BACKGROUND

On June 4, 1997, a jury found Dawson guilty of rape and the following month the district court sentenced him to serve 732 months in prison. A criminal history category B was computed for Dawson's sentencing based on two person felony convictions: a 1986

residential burglary and the conversion of three person misdemeanor convictions, scored as a second person felony. A claim that the district court erred in aggregating the misdemeanor convictions was among Dawson's arguments on direct appeal. This court affirmed Dawson's conviction and sentence. *State v. Dawson,* No. 79,652, unpublished opinion filed December 23, 1999 (Kan. App.), *rev. denied* 269 Kan. 935 (2000) (*Dawson I*). Dawson's sentence became final in March 2000, prior to the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in June 2000.

A series of collateral attacks followed, including a motion to correct illegal sentence. See *Dawson v. State,* No. 94,720, 2006 WL 3877559 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 930 (2007) (*Dawson II*); *State v. Dawson,* 43 Kan. App. 2d 800, 231 P.3d 582 (recounting postconviction history of the case), *rev. denied* 290 Kan. 1097 (2010) (*Dawson III*); *Dawson v. State*, No. 115,129, 2017 WL 262027 (Kan. App.) (unpublished opinion), *petition for rev. filed* February 21, 2017 (*Dawson IV*).

In July 2015, Dawson filed another motion to correct illegal sentence, relying on the Kansas Supreme Court's decision in *State v. Dickey,* 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I)*. The district court summarily dismissed Dawson's petition in a minute order, stating "[s]entence was final long before *Apprendi*, *Descamps* [*v. United States,* 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)], and/or *Dickey* decisions. They do not apply to [defendant's] case retroactively."

In September 2015, Dawson filed a motion to reconsider the summary dismissal. In that motion he contested the district court's rationale for summary denial—that *Apprendi*, *Descamps*, and *Dickey* did not apply to his sentence retroactively—and argued that "an incorrect criminal history classification can be challenged at any time." The district court denied the motion to reconsider in an October 19, 2015 minute order stating, "[n]o basis (legal or factual) for the court to reconsider." The district court issued a

3

second minute order on October 26, 2015, stating: "[n]othing new presented that would cause [court] to re-consider." In his notice of appeal, Dawson referred to this ruling by its date, as well as to "the decision of the District Court to deny/dismiss the Motion to Correct Illegal Sentence filed pursuant to K.S.A. 22-3504." After the district court's orders from which Dawson appealed, Dawson filed yet another motion to correct illegal sentence and a motion to set aside judgment, which the district court summarily denied, stating, respectively: "[a]s previously ruled upon" and "[a]s per prior rulings."

Dawson's appeal of the district court's summary denial of his September 2015 motion to reconsider was timely, no other notices of appeal were filed, and the time for filing has passed on his successive motions that raised the same issues.

ANALYSIS

Initially, we note that Dawson identified the summary nature of the district court's dismissal as his first issue, but he did not brief that point and it is, therefore, considered to be abandoned. *State v. Tague*, 296 Kan. 993, Syl. ¶ 3, 298 P.3d 273 (2013) (argument not supported with pertinent authority is deemed waived and abandoned).

Dawson's general claim that his sentence was illegal is based on his specific claim that his criminal history was improperly scored. He divides that specific claim into two arguments: (1) His 1986 burglary conviction should have been considered as a nonperson felony; and (2) the three misdemeanors should not have been aggregated for conversion to a person felony because there is a lack of proof he had counsel in two of the three municipal court cases. We address each separately.

4

*Standard of review*

Our review of the various aspects of Dawson's claims involves the same standard of review. We apply a de novo standard of review to a district court's summary denial of a motion to correct illegal sentence. *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 (2011). The classification of a prior conviction as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), which is a question of law over which we have unlimited review. *State v. Keel*, 302 Kan. 560, Syl. ¶ 4, 357 P.3d 251 (2015), *rev. denied* 136 S. Ct. 865 (2016). And whether a claim is barred under the doctrine of res judicata is a question of law subject to unlimited review. *State v. Kingsley*, 299 Kan. 896, 899, 326 P.3d 1083 (2014).

*The district court's refusal to reclassify Dawson's burglary conviction was not error*

Dawson contends the district court committed error when it declined to reclassify his 1986, pre-KSGA burglary conviction as a nonperson crime. He argues the district court should have found the reasoning of our Supreme Court in *Dickey I* was applicable to his case. The holding in *Dickey I* was founded on the constitutional principles announced in *Apprendi* and applied in *Descamps*. In support of his position, Dawson directs us to *State v. McAlister*, 54 Kan. App. 2d 65, 396 P.3d 100 (2017), in which a panel of this court found that *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*), provided the analytical basis for consideration of a motion to correct illegal sentence when the challenged sentence was final prior to *Apprendi*.

On May 18, 2017, after the parties filed their briefs, an amendment to K.S.A. 22-3504, passed in the 2017 session, became effective. Because the amendment appeared relevant to the issues presented here, we gave the parties leave to submit supplemental briefs addressing the legislative change and both did so. We begin with a brief review of

5

the cases that form the foundation for Dawson's arguments, *Dickey I*, *Dickey II*, and *McAlister*, and then consider the effect of the legislative change.

Dickey I, Dickey II, *and* McAlister

In April 2013, Dickey pled guilty to felony theft. A month later he was sentenced for that conviction and, at the same hearing, the district court considered a request by the State for revocation of Dickey's probation in four prior cases. 301 Kan. at 1021. The district court imposed a sentence for the new theft case and ordered revocation in the prior cases. The criminal history used to compute the sentence imposed that day as well as the four prior sentences ordered to be served as a result of the revocation, included a 1992 juvenile adjudication for burglary that had been classified as a person felony.

In *Dickey I*, the court considered the challenge to the sentence that was imposed for the theft in May 2013, and held that the sentence was illegal because of the classification of the 1992 burglary as a person felony. The court reasoned:

> "[I]n order to classify a prior burglary conviction or adjudication as a person offense under K.S.A. 2014 Supp. 21-6811(d), a sentencing court must find that the prior burglary involved a 'dwelling,' i.e., 'a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home, or residence.' K.S.A. 2014 Supp. 21-5111(k). But the burglary statute in effect when Dickey committed his prior burglary did not require evidence showing that the structure burglarized was a dwelling. See K.S.A. 1991 Supp. 21-3715. Thus, determining whether Dickey's prior burglary involved a dwelling would necessarily involve judicial factfinding that goes beyond merely finding the existence of a prior conviction or the statutory elements constituting that prior conviction. Accordingly, we agree . . . that classifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi.* Consequently, his sentence must be vacated and his case remanded to the district court for resentencing with instructions that his prior burglary adjudication be classified as a nonperson felony." 301 Kan. at 1021.

6

In *Dickey II*, the Supreme Court took up the challenge to the sentences in the four revocation cases and, applying the principles from *Apprendi* and *Descamps* that it used in *Dickey I* to the same 1992 burglary conviction, held the classification of that conviction as a person crime rendered these sentences illegal as well. 305 Kan. at 221-22. On the way to that holding, the court acknowledged an unresolved question:

> "The proper classification of a prior conviction is a question of law over which we exercise unlimited review. [Citation omitted.] Interestingly, in this case, what *kind* of a question of law this presents may alter the outcome. If the question of law presented is a question of *constitutional law*—and the State claims that it is—then Dickey's assertion on appeal that his sentence is illegal runs squarely into the hurdle imposed by our prior caselaw that "'the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision [and] a defendant may not file a motion to correct an illegal sentence based on constitutional challenges to his or her sentence."'
> *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015)." 305 Kan. at 220.

The court commented, however, that "[t]he parties' framing of the question here as a question of constitutional law is . . . understandable, but incorrect" and resolved the matter by finding "[o]ur holding in *Dickey I* demonstrates that the proper classification of a prior crime is exclusively a matter of state statutory law." 305 Kan. at 221. As a question of *statutory* law, "albeit with a thick overlay of constitutional law," the court found Dickey could properly challenge his criminal history in a motion to correct illegal sentence, and also expressly reaffirmed the rule from *Moncla*. 305 Kan. at 221-22.

In *McAlister*, a panel of this court reviewed a district court's denial of motions to correct illegal sentences in three cases. The motions were based on a challenge to the person felony classifications applied to two 1992 burglary convictions and a 1992 conspiracy to commit burglary conviction that were included in McAlister's criminal history. The panel first considered a potentially insurmountable hurdle for McAlister's claims, based on *Dickey I*:

"Our Supreme Court's holding in *Dickey I*, based on the rationale expressed by the court in its decision, appears to have been an application of the constitutional rule announced in *Apprendi* and clarified in *Descamps* that a district court cannot enhance a defendant's sentence based on a factual finding that went beyond the existence of a prior conviction and the statutory elements that comprised the prior conviction. 'Generally, when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not final yet on the date of the appellate court decision.' *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). *Under this general rule, the holding in Dickey I would not be applied retroactively to sentences that were final before Dickey I was decided and certainly not to sentences that were final before Apprendi was decided.*" (Emphasis added.) *McAlister*, 54 Kan. App. 2d at 70.

The panel found, however, that the potential problem had been partially resolved through the Supreme Court's discussion in *Dickey II* about considering a claim like McAlister's without violating the *Moncla* rule that constitutional claims cannot be raised in K.S.A. 22-3504 motions:

"The court in *Dickey II* went on to explain that the holding in *Dickey I* was not based on a constitutional challenge to the defendant's sentence because the proper classification of a prior crime for criminal history purposes is purely a matter of statutory law, not constitutional law. 305 Kan. at 221." 54 Kan. App. 2d at 71-72.

Based on that explanation, the court in *McAlister* moved on to the unresolved question of whether *Dickey I* and *II* applied to a sentence that was final prior to *Apprendi*:

"Our Supreme Court's holding in *Dickey I* appears to have been an application of the constitutional rule announced in *Apprendi*. Based on this analysis, it would make sense that the holding in *Dickey I* does not apply retroactively to sentences that became final prior to the decision in *Apprendi*. However, in *Dickey II* our Supreme Court explained that the proper classification of a prior crime as a person or nonperson felony for criminal history purposes is based on statutory law, not constitutional law. This distinction is

8

significant in deciding whether the holding in *Dickey I* applies to sentences that became final before *Apprendi*." 54 Kan. App. 2d at 77-78.

From that understanding, the panel concluded "K.S.A. 22-3504(1) provides that an illegal sentence can be corrected *at any time*. Under this analysis, it does not matter that McAlister's sentences became final prior to the decision in *Apprendi*." 54 Kan. App. 2d at 78.

In an earlier case, another panel from this court considered facts and arguments similar to those in *McAlister* and came to the opposite conclusions. In *State v. Tauer*, No. 114,432, 2016 WL 7032167 (Kan. App. 2016) (unpublished opinion), the panel denied retroactive application of the *Dickey* cases, stating:

> "Because the rule from *Dickey I* and *Dickey II* derives directly from *Apprendi*, it applies to criminal cases that were pending when *Apprendi* was decided or were filed after that decision. But *Apprendi* itself has not been applied to criminal cases that were already final, so the treatment of burglary convictions for criminal history purposes outlined in *Dickey I* and *Dickey II*, likewise, does not apply to them. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001) (*Apprendi* not given retroactive application to determination of aggravating factors enhancing sentence) [Citations omitted.]" 2016 WL 7032167, at *2.

Based on *Gould* and other cases from this court, the court in *Tauer* denied retroactive application of the relief recognized in *Dickey* since Tauer's convictions became final nearly four years before *Apprendi* was issued.

*2017 Amendment to K.S.A. 22-3504*

After both *Dickey* cases, the 2017 Legislature amended K.S.A. 22-3504, adding subsection (3), effective May 18, 2017:

9

"'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." L. 2017, ch. 62, § 9.

Whether the amendment holds any relevance to our case depends on whether it applies retroactively. This court considered the retroactive application of statutes in *In re Care & Treatment of Hunt*, 32 Kan. App. 2d 344, 82 P.3d 861 (2004):

"In determining whether the provisions of any statute apply prospectively or retroactively, the general rule is that a statute operates only prospectively unless there is clear language indicating the legislature intended otherwise. *In re Tax Appeal of Alsop Sand Co., Inc.,* 265 Kan. 510, 523, 962 P.2d 435 (1998). However, the United States Supreme Court and other jurisdictions have recognized at least two exceptions to this general rule that are relevant here.

"The first exception applies when an amendment affects a court's subject matter jurisdiction. The other applies when an amendment merely clarifies rather than changes a statute." 32 Kan. App. 2d at 358.

The amendment to K.S.A. 22-3504 has no express language directing retroactivity and does not affect a court's subject matter jurisdiction. It does, however, clearly constitute a clarification of the term "illegal sentence," which is used in K.S.A. 22-3504(1) ("[t]he court may correct an illegal sentence at any time"). The new subsection, K.S.A. 2017 Supp. 22-3504(3), defines and limits the term "illegal sentence," clarifying both the intent and application of that term in subsection (1).

Our Supreme Court also has approached the question of prospective or retroactive application in other terms:

"Regarding the retroactive argument, the general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Nitchals v. Williams*, 225 Kan. 285, 590 P.2d 582 (1979). The foregoing rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. *Nitchals v. Williams*, 225 Kan. 285. As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished. *State v. Augustine*, 197 Kan. 207, Syl. ¶ 1, 416 P.2d 281 (1966)." *State v. Hutchison*, 228 Kan. 279, 287, 615 P.2d 138 (1980).

Applying the *Hutchison* formulation, the result is the same: the 2017 amendment to K.S.A. 22-3504 should be applied retroactively. The amendment neither establishes a new crime nor modifies the definition of an existing crime. The plain purpose of the amendment is to define and limit the scope of a statutorily created procedure by which a person convicted of a crime can seek correction of a sentence. Our Supreme Court clarified in *Dickey II* that "the proper classification of a prior crime is exclusively a matter of state statutory law." *Dickey*, 305 Kan. at 221. The 2017 amendment to K.S.A. 22-3504 is procedural and applies retroactively.

Although we have found the 2017 amendment applies retroactively, we finally need to examine whether the rulings in *Dickey I* and *II* constituted a "change in the law" in the sense used in the amended statute: "A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3). The *Apprendi* principles that were at the core of the holdings in *Dickey I* and *II* did constitute such a change, and our Supreme Court has held that claims based on *Apprendi* do not apply to sentences that were final before the date that decision was issued. See *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001).

The law concerning classification of pre-KSGA convictions changed with the application of *Apprendi* and *Descamps* in *Dickey*, giving life to Dawson's argument that his sentence was illegal because of the steps the district court would need to take to classify his 1992 burglary conviction as a person felony. Without *Apprendi*, that argument was unavailable to him. Since Dawson's sentence was final before *Apprendi*, the analysis developed in *Dickey I and II*—which was founded on the principles of *Apprendi*—could not have rendered his sentence illegal at the time it was imposed. The analysis and holdings of our Supreme Court in *Dickey I* and *II* were not merely restatements of that court's prior decisions or applications of earlier holdings to different facts, they were a change in the law. The classification methods that *Dickey II* called "constitutionally infirm" were infirm because they conflicted with *Apprendi*, which *Gould* held will not be applied to claims final before *Apprendi* was issued.

Unlike Dickey's sentences, Dawson's sentence was final before *Apprendi*, so his position would have been affected by the ultimate resolution of the different views expressed in *McAlister* and *Tauer* over retroactive application of *Dickey* to pre-*Apprendi* sentences. Regardless whether we believe *McAlister* or *Tauer* is more persuasive, after the amendment Dawson's argument is statutorily foreclosed. Under the directive in K.S.A. 2017 Supp. 22-3504(3), Dawson's sentence was legal when it was pronounced, and it was not rendered illegal by the subsequent change in the law. The district court did not err in denying his motion, and his first issue fails.

*Dawson's claim concerning conversion of his misdemeanor convictions is precluded.*

Dawson next argues, as he did in his direct appeal, that the district court's aggregation of three misdemeanor convictions was improper because "there is no proof he had legal counsel in two of the three cases." He concedes that this issue has been raised and affirmed on direct appeal. See *Dawson I*, No. 79,652. There, we stated, "[w]e agree with the trial court's decision that the State met its burden of proof by a

12

preponderance of the evidence that Dawson was represented by counsel on all three misdemeanors. . . . In opposition to this evidence, Dawson does not affirmatively assert that he actually was not represented." *Dawson I*, slip op. at 5. This issue has also been rejected in K.S.A. 60-1507 proceedings and appeals therefrom. See, e.g., *Dawson III*, 43 Kan. App. 2d at 801.

Dawson states that he again asserts this claim "to preserve any appellate rights." Any right to appellate review of that issue has been exhausted and it is barred by res judicata. See *State v. Kleypas*, 305 Kan. 224, 240, 382 P.3d 373 (2016) (in an appeal taken from the sentence imposed, the judgment of the reviewing court is res judicata as to all issues actually raised).

*Conclusion*

We find no error by the district court in rejecting Dawson's motion.

Affirmed.