NOT DESIGNATED FOR PUBLICATION

No. 119,666

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES K. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed May 24, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before HILL, P.J., BRUNS, J. and BURGESS, S.J.

PER CURIAM: James K. Walker appeals the sentence imposed upon his conviction for one count of aggravated indecent liberties with a child, a severity level 3 person felony, in violation of K.S.A. 2014 Supp. 21-5506(b)(1). He alleges that the district court erred by increasing his prison sentence upon finding he had prior convictions. Walker also appeals the district court's sentence imposing lifetime registration under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. Walker asserts lifetime registration is cruel and unusual punishment and, as such, violates the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights.

1

Walker filed a motion for summary disposition in lieu of briefs in accordance with Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response and did not oppose Walker's motion for summary disposition. We granted the motion. After reviewing the record on appeal and finding no error, we affirm the district court's rulings.

FACTUAL AND PROCEDURAL BACKGROUND

On February 27, 2017, Walker entered a plea agreement to one count of aggravated indecent liberties with a child, a level 3 person felony, in violation of K.S.A. 2014 Supp. 21-5506(b)(1). The sentencing hearing was scheduled on September 22, 2017. However, at the sentencing hearing, it was determined that the plea agreement incorrectly stated Walker would have 36 months' postrelease supervision, but he would be required to serve lifetime postrelease supervision under K.S.A. 2014 Supp. 22-3717(d)(1)(G). Walker requested a continuance and stated he would be filing a motion to withdraw his plea based solely on the lifetime postrelease supervision provision. The district court continued the sentencing hearing.

At the motion to withdraw plea hearing held on November 3, 2017, the State advised Walker "the victim in this case is present [and] has indicated . . . she is prepared to testify. . . . And I just want to make it clear that the State will not be offering the same plea agreement again should [Walker] withdraw it today." After an hour and half recess for Walker to discuss his options with his counsel, Walker stated he would continue with the plea agreement and withdrew his motion to withdraw his plea. The court stated:

> "Upon discussion by the Court with [Walker] on the record, and extended discussions by [Walker] and [his] defense counsel off the record and in private, that [Walker] acknowledges the due process violation and acknowledges this conviction carries a lifetime postrelease supervision period. [Walker] waives that due process violation claim and withdraws his motion to withdraw his plea."

2

Walker was sentenced on November 29, 2017, to 102 months' imprisonment and lifetime postrelease supervision. Walker timely appealed the sentencing and all adverse rulings with our court.

After filing his notice of appeal of his sentence, Walker filed a pro se motion to challenge his lifetime registration under KORA with the Sedgwick District Court. After reviewing the motion, the district court record, and the State's response, the district court denied the motion stating it lacked jurisdiction to hear it due to Walker's timely appeal of his sentence to our court.

ANALYSIS

On appeal Walker contends the district court erred in increasing his sentence based on his criminal history that was not charged in the complaint and proven to a jury beyond a reasonable doubt by citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In *Apprendi*, the United States Supreme Court expressly carved out an exception to its holding for prior convictions. 530 U.S. at 490. The Kansas Supreme Court explained in *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002): "[T]he fact of a prior conviction is a sentencing factor and not an element of the crime. Thus, the prior conviction need not be presented in the indictment and proven to a jury in order to be used by the court to increase the sentence imposed." This claim fails on the merits. We find no error.

Next, Walker argues that the district court erred in ordering him to register as an sex offender for life asserting lifetime registration is cruel and unusual punishment and, as such, violates the Eighth Amendment to the United States Constitution and § 9 of the Kansas Constitution Bill of Rights.

3

In *State v. Petersen-Beard*, 304 Kan. 192, 208-09, 377 P.3d 1127 (2016), our Supreme Court held that KORA's lifetime registration for sexual offenders is not punishment under either the United States Constitution or the Kansas Constitution. The *Peterson-Beard* court specifically found that, since KORA registration is not punitive, registration does not violate the constitutional protections against cruel and unusual punishment. *Peterson-Beard*, 304 Kan. at 209.

We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previsions position. *State v. Dawson*, 43 Kan. App. 2d 800, 803, 231 P.3d 582 (2010).

Affirmed.