NOT DESIGNATED FOR PUBLICATION

No. 128,126

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES M. PHILLIPS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed January 30, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., HILL and ATCHESON, JJ.


PER CURIAM: A jury in Sedgwick County District Court convicted Defendant James M. Phillips of a host of felonies including two counts of attempted murder, one count of attempted aggravated kidnapping, and two counts of attempted kidnapping, all arising out of the robbery of a cell phone store and the ensuing police chase resulting in his capture. Phillips represented himself during and after the 2016 trial. At the sentencing hearing, the district court told Phillips he likely would have to register and report under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901, for 15 years. But the three attempted kidnapping convictions statutorily required that he comply with KORA

1

for the rest of his life. K.S.A. 22-4906(d)(9), (d)(10), (d)(13). About seven years later, Phillips drafted and filed a motion to correct an illegal sentence under K.S.A. 22-3504 based on the district court's erroneous representation about how long he had to comply with KORA. The district court denied the motion, and Phillips has appealed the denial.

We affirm the district court because the Kansas Supreme Court has of late consistently held that KORA registration and reporting are civil requirements rooted in general public safety concerns rather than punishment constituting part of a criminal defendant's sentence. *State v. Stoll*, 312 Kan. 726, 730-31, 480 P.3d 158 (2021); *State v. Petersen-Beard*, 304 Kan. 192, Syl. ¶¶ 1-2, 377 P.3d 1127 (2016); see *State v. Qualls*, No. 126,205, 2024 WL 4182572, at *1 (Kan. App. 2024) (unpublished opinion) (acknowledging rule and legislative purpose underlying KORA). Accordingly, Phillips' motion to correct an illegal sentence cannot be used to address the duration of his statutory duties under KORA.

The factual circumstances underlying Phillips' convictions are irrelevant, although they have been outlined in our opinion resolving his direct appeal. *State v. Phillips*, No. 117,566, 2018 WL 3673181, at *1-2 (Kan. App. 2018) (unpublished opinion). During the sentencing hearing, the district court referred briefly to KORA registration and with prompting from the assistant district attorney suggested Phillips would have to comply for 15 years. The district court told him: "15 years. And that really doesn't control my determination. It is per whatever the statute is. And the statute could very well change by the time you get to that point." The district court imposed a controlling 372-month prison term on Phillips, so KORA compliance flickered in the distant future.

The dispositive resolution of the narrow issue before us now presents a question of law and does not depend on resolving conflicting factual assertions. We, therefore, owe no particular deference to the district court. *State v. Mejia*, 58 Kan. App. 2d 229, 231-32, 466 P.3d 1217 (2020).

Not to put too fine a point on it, a motion to correct an illegal sentence may be brought at any time if a court without jurisdiction imposes a sentence; a sentence "does not conform to the applicable" statutes; or a sentence is ambiguous as to the time or manner it is to be served. K.S.A. 22-3504(c)(1). By its terms, K.S.A. 22-3504 applies only to sentences. And the Kansas Supreme Court has consistently held that the KORA registration and reporting requirements are not components of a criminal sentence. *State v. Marinelli*, 307 Kan. 768, 780, 786, 415 P.3d 405 (2018); *State v. Rocheleau*, 307 Kan. 761, 763, 415 P.3d 422 (2018); see *State v. N.R.*, 57 Kan. App. 2d 298, 303, 451 P.3d 817 (2019) (acknowledging rule stated in *Marinelli* and *Rocheleau* that "a [KORA] registration requirement is not part of a defendant's criminal sentence"). Simply put, to correct an illegal sentence there must be a sentence in the first place. But Phillips has not challenged a sentence since he takes issue only with the district court's comments about KORA compliance. For that reason, the district court properly denied his motion.

In closing, we offer two observations. First, we are not sure just what relief Phillips thinks he should get. If a district court imposes an illegal sentence, we typically vacate the sentence and remand with directions to impose a lawful sentence. Moreover, the duration of Phillips' obligation to comply with KORA is fixed by statute based on the attempted kidnapping convictions. The district court had no authority at all, let alone the discretion, to impose some different compliance period. As the district court suggested, its comment about the duration of Phillips' obligation carried no legal weight. Second, to the extent Phillips' brief includes a backhanded request that we treat KORA registration and reporting as punishment or part of his sentence, we are powerless to accede. The Kansas Supreme Court has spoken on the issue, and any change would have to originate there. See *State v. Dawson*, 43 Kan. App. 2d 800, 803, 231 P.3d 582 (2010) (Kansas Court of Appeals obligated to follow Kansas Supreme Court precedent).

Affirmed.

3