No. 108,849

STATE OF KANSAS, *Appellee*, v. ALAN W. KINGSLEY, *Appellant*.

(326 P.3d 1083)

Opinion filed June 13, 2014.

*Mark Sevart*, of Derby, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Alan W. Kingsley appeals from a summary denial of his pro se motion for relief from his first-degree murder conviction, which he filed pursuant to K.S.A. 2011 Supp. 60-260(b)(4), K.S.A. 2011 Supp. 60-260(b)(6), and K.S.A. 60-2606. The district court summarily denied Kingsley's motion, concluding his claims are foreclosed under the doctrine of res judicata. We affirm that ruling and also hold that relief from a criminal conviction cannot be obtained pursuant to K.S.A. 2011 Supp. 60-260(b) or K.S.A. 60-2606.

## FACTS AND PROCEDURAL BACKGROUND

In 1991, a jury convicted Alan W. Kingsley of premeditated first-degree murder, in violation of K.S.A. 1990 Supp. 21-3401(a); aggravated robbery, in violation of K.S.A. 21-3427 (Weeks 1988); aggravated arson, in violation of K.S.A. 21-3719 (Weeks 1988); and forgery, in violation of K.S.A. 21-3710(b) (Weeks 1988). The sen-

tencing court imposed three consecutive life sentences—a term of 15 years to life for aggravated robbery, life without parole for 40 years for premeditated murder, and another term of 15 years to life for aggravated arson. (This conviction was later reversed and remanded on direct appeal, reduced to a charge of arson, and resentenced to a term of 5 to 20 years, to run concurrent with his other sentences.) A sentence of 1 to 5 years for forgery was run concurrent with the other sentences.

During the jury trial, the court instructed the jury by giving the pattern premeditated murder instruction, PIK Crim. 2d 56.01. As it relates to Kingsley's current arguments, the pertinent portion of the instruction stated: "Deliberately and with premeditation means to have thought over the matter beforehand." After having received that instruction, Kingsley's jury, while deliberating, asked for clarification of the time frame required for premeditation. The trial court further instructed: "Premeditation under the law does not require any specific time frame. Please review instruction No. 5," which was PIK Crim. 2d 56.01. On direct appeal, Kingsley argued the judge's response to the jury's question, which incorporated the language about which Kingsley now complains, was erroneous. This court rejected Kingsley's argument, citing *State v. Patterson*, 243 Kan. 262, 268-69, 755 P.2d 551 (1988), in which this court found the same instruction " 'correctly stat[ed] the law.' " *State v. Kingsley*, 252 Kan. 761, 770-72, 851 P.2d 370 (1993).

In another issue raised by Kingsley in his direct appeal, he argued his mandatory hard 40 life sentence should be vacated because the jury's verdict on premeditated first-degree murder was not unanimous. The trial court had instructed the jury that Kingsley was charged in Count One with murder in the first degree, which required proof that the killing was done with premeditation. In addition, the court instructed that Kingsley was charged in Count Two with felony murder in the first degree, which required proof that the killing was done while in the commission of aggravated robbery. 252 Kan. at 785. Further, the trial court told the jury that its "agreement upon a verdict must be unanimous." 252 Kan. at 786. The court gave the jury two verdict forms—one for premeditated first-degree murder and another for first-degree felony mur-

der. The jury indicated on each verdict form that it was unanimous in finding Kingsley guilty on the respective counts, thus indicating a unanimous finding of guilt on both premeditated first-degree murder and first-degree felony murder. Because the verdict form made it clear the jury was unanimous in finding Kingsley guilty of premeditated first-degree murder, this court rejected Kingsley's argument and concluded he could be sentenced to a hard 40 life sentence for that conviction. 252 Kan. at 784-87.

After that appeal, Kingsley brought several collateral attacks on his convictions and sentences, all of which have been unsuccessful. See *Kingsley v. McKune*, 191 Fed. Appx. 748 (10th Cir. 2006) (unpublished opinion); *State v. Kingsley*, No. 96,059, 2007 WL 570298 (Kan. App.) (unpublished opinion), *rev. denied* 284 Kan. 949 (2007); *Kingsley v. State*, No. 90,133, 2004 WL 719260 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 846 (2004).

In the current case, Kingsley filed a pro se "Motion for Relief from Judgment" and accompanying memorandum of law in 2012, which was more than 19 years after the entry of the final order in his direct appeal. In the motion, Kingsley cited K.S.A. 2011 Supp. 60-260(b)(4), K.S.A. 2011 Supp. 60-260(b)(6), and K.S.A. 60-2606 as the procedural statutes entitling him to relief from his first-degree murder conviction and sentence. He asserted two substantive reasons his first-degree murder conviction should be reversed and his hard 40 sentence should be set aside. First, he claimed the trial court had "constructively amended the complaint and usurped legislative authority to define crimes when it instructed the jury that 'deliberately and with premeditation' means to have thought over the matter beforehand as elements of first degree murder." Second, he argued it was error to instruct the jury on both premeditated murder and felony murder. On appeal, Kingsley's counsel summarizes Kingsley's second pro se argument on this point as a request for "relief from the Hard 40 Sentence, as it is not clear whether the Jury unanimously found him guilty of First Degree Premeditated Murder."

In the district court, the State filed a response to Kingsley's pro se motion, noting that Kingsley had raised the same issues in his direct appeal. Citing *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d

362 (1990), the State argued Kingsley's motion for relief from judgment was barred by the doctrine of res judicata. The district court adopted the State's response as its findings of fact and conclusions of law and summarily denied the motion without appointing counsel or conducting a hearing. Kingsley filed a timely notice of appeal, and counsel was appointed to represent him. This court has jurisdiction under K.S.A. 2012 Supp. 22-3601(b)(3) (off-grid; maximum sentence of life imprisonment imposed).

## ANALYSIS

On appeal, Kingsley argues the summary dismissal of his motion was error. We reject his argument for a host of reasons relating to both procedural defects and a lack of merit. We need not address all of those reasons, however, because two threshold defects preclude Kingsley's success: (1) Kingsley filed his motion pursuant to statutes that do not apply to collateral attacks on a criminal conviction and sentence, and (2) his claims are barred under the doctrine of res judicata. Both of these defects present questions of law subject to our unlimited review. See *State v. Mitchell*, 297 Kan. 118, 120-24, 298 P.3d 349 (2013) (questions of statutory and case-law interpretation, which are questions of law subject to de novo review, led to holdings that [1] K.S.A. 2011 Supp. 60-260[b] does not apply to collateral attack on conviction and [2] K.S.A. 60-1507 provides exclusive remedy present); *Edgar v. State*, 294 Kan. 828, 836-37, 283 P.3d 152 (2012) ("When a district judge summarily denies a K.S.A. 60-1507 motion, an appellate court reviews that decision using a de novo standard of review. . . . This standard requires an appellate court to determine whether the motion, files, and records of the case conclusively show the movant is not entitled to any relief.").

Regarding the procedural deficiency, this court has previously held K.S.A. 2011 Supp. 60-260(b)(4) "does not provide a procedure for a criminal defendant to obtain postconviction relief from his or her conviction or sentence." *Mitchell*, 297 Kan. at 118-19. *Mitchell* reaffirmed a prior holding designating K.S.A. 60-1507 as the exclusive statutory remedy for a collateral attack on a criminal conviction and sentence. 297 Kan. at 121-23; see *Smith v. State*,

199 Kan. 132, 135, 427 P.2d 625 (1967) (holding K.S.A. 60-1507 is "the exclusive statutory remedy authorizing a prisoner in custody under sentence of a court of general jurisdiction to make a collateral attack upon the sentence in a criminal case, and that K.S.A. 60-260 is not available . . . for this purpose"). The exclusive nature of K.S.A. 60-1507 likewise excludes K.S.A. 60-2606 as a procedural mechanism for relief from Kingsley's convictions and sentences.

Kingsley's appellate counsel, apparently recognizing that relief cannot be afforded Kingsley pursuant to K.S.A. 2011 Supp. 60-260 or K.S.A. 60-2606, asks this court to liberally construe Kingsley's pro se motion as a K.S.A. 60-1507 motion. In making this request, however, Kingsley's counsel fails to mention the limitation in K.S.A. 60-1507(f), which states that an action filed pursuant to that statute must be "brought within one year of: (i) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (ii) the denial of a petition for writ of certiorari to the United States supreme court." While this limitation can be extended under a manifest injustice exception, Kingsley, who has the burden of showing the exception applies, did not request such an extension and did not explain the 19-year delay. Therefore, Kingsley has failed to meet his burden and has waived any argument that he should be allowed to bring an untimely request for relief under K.S.A. 60-1507. See, *e.g.*, *State v. Rojas-Marceleno*, 295 Kan. 525, 543, 285 P.3d 361 (2012) (issue abandoned for failure to adequately brief it); *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 15, 61 P.3d 68 (2002) (simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority, is akin to failing to brief an issue; when appellant fails to brief an issue, that issue is waived or abandoned); see also Supreme Court Rule 6.02(a)(5) (2013 Kan. Ct. R. Annot. 39) (appellant's brief must include the "arguments and authorities relied on").

Instead, Kingsley seems to suggest we should address the merits of his pro se motion because the district court did not determine the motion was procedurally defective. Rather, the district court summarily denied Kingsley's motion after concluding the issues

were barred by the doctrine of res judicata. The problem with Kingsley's argument is that the district court correctly ruled that his action was barred.

The doctrine of res judicata provides that "where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived." *Neer*, 247 Kan. at 140-41; see *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) (res judicata consists of four elements: " '[1] same claim; [2] same parties; [3] claims were or could have been raised; and [4] a final judgment on the merits' "). The essence of the doctrine of res judicata is that issues "once finally determined . . . cannot afterwards be litigated." *Jayhawk Equipment Co. v. Mentzer*, 191 Kan. 57, 61, 379 P.2d 342 (1963).

Kingsley's direct appeal from his convictions obviously involved the same parties, and it resulted in a final judgment on the merits. Further, the current action involves the same claims as those which were or could have been raised in his direct appeal. More specifically, as we previously noted, on Kingsley's direct appeal this court found the jury instructions regarding premeditation, which included the language about which Kingsley now complains, appropriately reflected the law. *Kingsley*, 252 Kan. at 771-72. Likewise, in Kingsley's direct appeal, this court rejected his contention that "the mandatory 40-year sentence should be vacated on the ground that the jury's verdict on first-degree premeditated murder may not have been unanimous." 252 Kan. at 784. Hence, Kingsley's argument regarding the uncertainty of a unanimous verdict—the only issue related to giving the alternative theories of premeditated first-degree murder and felony first-degree murder that Kingsley argues on appeal—was addressed in the direct appeal.

We note, however, that Kingsley's counsel attempts to put a new twist on the argument by suggesting the manner in which the jury was polled made it unclear whether the jury was indeed unanimous on both alternatives. Kingsley does not persuade us that this polling issue is not barred by the doctrines of res judicata or waiver because the essence of this issue—unanimity—was or could have been

raised on direct appeal. Plus, this twist is raised for the first time before us and fails on that basis alone. See *State v. Cheffen*, 297 Kan. 689, 696-99, 303 P.3d 1261 (2013) (declining to address jury polling issue for first time on appeal).

Accordingly, the claims raised by Kingsley in his pro se motion are barred by the doctrine of res judicata. As a result, contrary to Kingsley's argument, the district court did not err in summarily dismissing Kingsley's motion without appointing counsel or conducting an evidentiary hearing because the motion, files, and records of his cases conclusively showed Kingsley was not entitled to relief. See, *e.g.*, *Fisher v. State*, 296 Kan. 808, 819-20, 295 P.3d 560 (2013) ("[A] district court's initial review of the files and record may be enough to show the issues raised do not warrant further review and the matter may be summarily denied. K.S.A. 60-1507[b]."); *State v. Conley*, 287 Kan. 696, 703-04, 197 P.3d 837 (2008) (same); *State v. Hoge*, 283 Kan. 219, 223-24, 150 P.3d 905 (2007) (same).

Affirmed.

MORITZ, J., not participating.