NOT DESIGNATED FOR PUBLICATION

No. 113,142
No. 113,143

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAUWON A. ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed March 4, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*: Defendant Jauwon A. Allen contends his criminal history was incorrectly calculated in two cases that were disposed of through a single plea agreement and combined hearings in the Sedgwick County District Court. The cases, however, were never consolidated. By our count, Allen has filed eight motions challenging his sentence in the district court, most of which were summarily denied. For whatever reason, Allen has appealed only the most recent denial. Rather than wander in the procedural weeds, we

address the substance of Allen's contention. We find Allen's criminal history was properly determined and his sentences are lawful.

In September 2009, Allen pleaded guilty to one count of kidnapping and one count of robbery in No. 09 CR 338 and to one count of aggravated battery in No. 09 CR 1313 as part of an agreement with the State. All of the crimes of conviction are person felonies. Allen and the State agreed on a joint sentencing recommendation calling for the highest grid box sentence on each conviction with the sentences in No. 09 CR 338 to be served concurrently with each other and with the sentence in No. 09 CR 1313. Both sides also agreed to support a dispositional departure to probation. As part of the arrangement, Allen would be available to testify truthfully against his codefendants. The two cases were never formally consolidated, and the agreement did not require their consolidation.

At sentencing a month later, the district court followed the plea agreement. Allen already had one person misdemeanor and one nonperson misdemeanor in his criminal history. For sentencing in No. 09 CR 338, the conviction in No. 09 CR 1313 for aggravated battery added a person felony, giving Allen a criminal history score of D. And for sentencing in No. 09 CR 1313, the convictions in No. 09 CR 338 for kidnapping and robbery added two person felonies, giving him a criminal history score of B. In No. 09 CR 338, the district court imposed a sentence of 100 months on the kidnapping and 34 months on the robbery to be served concurrently. In turn, the district court imposed a sentence of 162 months in No. 09 CR 1313 to be served concurrently with the sentence in No. 09 CR 338. The district court granted Allen's motion for probation. Allen did not object to the determination of his criminal history at sentencing.

In March 2010, Allen violated the conditions of probation. The district court reinstated probation. Nine months later, the district court found Allen had again violated his probation. The district court revoked the probation and ordered Allen to serve the sentences in No. 09 CR 338 and No. 09 CR 1313.

Allen then began filing motions contending his criminal history had been incorrectly calculated and was too high, resulting in an illegal controlling sentence in No. 09 CR 1313. The district court denied the first motion without any detailed explanation. Allen did not appeal that ruling but filed another motion to correct an illegal sentence. The process of filing, denial, and filing a new motion went on through seven iterations. As we have said, Allen appealed only the denial of the most recent motion—his eighth challenge. All of the motions assert essentially the same arguments. The district court summarily denied the most recent motion on the grounds it simply was successive of the earlier ones.

A criminal defendant or any other litigant, for that matter, cannot serially file the same motion seeking the same relief over and over again in response to adverse rulings from the district court. Allen has done just that. Rather than decide the appeal on procedural grounds, however, we look at the substance of what Allen has alleged. We do so in the hope that will end the cycle.

Allen offers two arguments. First, he says K.S.A. 21-4720, now codified as K.S.A. 2015 Supp. 21-6819, requires that only the kidnapping conviction in 09 CR 338 be counted in his criminal history in No. 09 CR 1313. But that statute deals with sentences for multiple convictions within a single case—not computing criminal history scores. The statute provides that a defendant's criminal history will be used to compute the sentence for the most severe of the multiple convictions within the case, which then becomes the base offense. The sentences for the remaining convictions in that case are computed without taking account of the defendant's criminal history. The district court properly applied K.S.A. 21-4720 in sentencing Allen in No. 09 CR 338, resulting in a prison term of 34 months for the robbery conviction. But the statute does not affect how the convictions will be scored for criminal history purposes in other cases, including No. 09 CR 1313.

Second, Allen argues that the aggravated battery conviction in No. 09 CR 1313 should not have been scored as part of his criminal history in No. 09 CR 338 and the convictions in No. 09 CR 338 should not have been scored in No. 09 CR 1313. We assume Allen believes that to be so because he pleaded in both cases and was sentenced in both cases in combined hearings. But he misunderstands how K.S.A. 21-4710, now codified as K.S.A. 2015 Supp. 21-6810, addresses the determination of criminal history scores. A conviction is scored for criminal history purposes if the conviction occurred before the sentencing. K.S.A. 21-4710(a). That's true regardless of when the underlying crimes were committed. If crimes have been charged in the same complaint or have been formally consolidated for trial, they are not scored for criminal history purposes as to one another. Again, the district court correctly applied K.S.A. 21-4710 in sentencing Allen. Neither the robbery nor the kidnapping was included in Allen's criminal history for No. 09 CR 338, the case in which those crimes were charged. They were, however, properly counted for criminal history purposes in sentencing him in No. 09 CR 1313 because they were not charged in that case and the convictions were entered at the plea hearing in No. 09 CR 338 and, thus, before the sentencing hearing in No. 09 CR 1313. The same holds true for scoring the aggravated battery conviction from No. 09 CR 1313 as part of Allen's criminal history for sentencing in No. 09 CR 338. The two cases remained legally separate and distinct even though they were disposed of in combined plea and sentencing hearings.

In short, Allen has never asserted a valid argument that he received an illegal sentence in either No. 09 CR 338 or No. 09 CR 1313. For that reason, we affirm the district court's ruling denying him relief on his recent motion to correct an illegal sentence.

Affirmed.

4

\* \* \*

SCHROEDER, J., concurring: Although I concur with the majority's decision to affirm the district court, I would have denied Allen relief on the basis of res judicata. Here, Allen filed eight nearly identical motions to correct an illegal sentence in the district court, and each of the first seven became final when he did not appeal them. Now that he has chosen to appeal the denial of his eighth motion, res judicata applies.

"The essence of the doctrine of res judicata is that issues 'once finally determined . . . cannot afterwards be litigated.' [Citation omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). Four elements are required to apply the doctrine of res judicata to procedurally bar a claim: (1) the same claim; (2) the same parties; (3) the claim at issue was or could have been raised in the previous appeal; and (4) there was a final judgment on the merits. See 299 Kan. at 901. "A motion to correct an illegal sentence cannot be used as a vehicle to 'breathe new life' into an appellate issue previously determined against the defendant. [*State v. *]*Conley,* 287 Kan. [696, ]698[, 197 P.3d 837 (2008)] (finding res judicata applies to K.S.A. 21-3504 motion to correct illegal sentence)." *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012).

There is no doubt the issues claimed were the same, the parties were the same, the issues were previously raised, and each of the previous seven denials became final when he did not appeal them. Without the doctrine of res judicata, the same motion could be repetitively filed with no end in sight. Litigation must have a point of finality, and that point comes when a decision is made by the district court and no timely appeal is taken or perfected. Allen has shown no reason why this rule of res judicata should not apply to his eighth motion.