NOT DESIGNATED FOR PUBLICATION

No. 115,960

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KELVIN GIBSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed March 10, 2017. Affirmed.

*Philip R. Sedgwick*, of Kansas City, for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  Kelvin Gibson appeals the summary dismissal of his K.S.A. 60-1507 motion. As best as can be discerned from his brief, Gibson contends that his trial counsel failed to require the trial court to make more specific findings of fact on its denial of his motion to suppress. He contends in his 4-page brief the lack of specific findings of fact hindered appellate review of his case. He contends his inculpatory statements to police were involuntary and should have been excluded from trial. Our Supreme Court has already decided this issue adversely to Gibson. We affirm the summary dismissal of his K.S.A. 60-1507 motion.

1

In July 2010, Gibson was convicted by a jury of first-degree murder and aggravated robbery. The facts of that case are set out in Gibson's direct appeal to the Kansas Supreme Court in *State v. Gibson*, 299 Kan. 207, 322 P.3d 289 (2014). In that appeal, Gibson argued in the alternative:

- His case should be remanded for the trial court to make detailed findings of fact to support its conclusion that his statements were voluntary; or
- the record was insufficient to sustain the trial court's determination that his statements were voluntary.

Our Supreme Court ruled:

"In Gibson's case, the trial court had before it the detective's testimony; the advice of rights forms signed by Gibson and initialed on each sentence individually setting out certain rights; transcribed copies of Gibson's video statements; and counsel's arguments. The latter included an express acknowledgement by Gibson's lawyer that 'obviously—from the testimony of Detective Michael[ ], [Gibson] gave [his statements] voluntarily.' And the district court also gave Gibson an opportunity to present evidence before ruling, which Gibson declined. From all of this, the court found Gibson's statements were voluntarily and knowingly given and were made without any constitutional violation. In addition, at the hearing on the motion for reconsideration, the district court noted from the evidence that Gibson was not under undue influence from alcohol or drugs, made appropriate answers to the questions posed to him by detectives, and appeared to understand what was going on during the interviews.

"Based on the facts presented, the applicable factors, and our caselaw, we hold the record is sufficient for appellate review. It is evident the analysis and outcome on the voluntariness issue would not have changed even if the trial court had been more explicit about the factors it considered. [Citation omitted.]

. . . .

2

"In this case, the record provides substantial competent evidence that Gibson's statements were knowingly and voluntarily given. And our de novo review of the trial court's legal conclusions leads us to hold that Gibson's statements were voluntary. Based on the totality of circumstances, we conclude the trial court did not err in admitting Gibson's statements." 299 Kan. at 217, 219.

After he was denied relief on direct appeal, Gibson filed this K.S.A. 60-1507 motion, arguing the trial court did not make specific findings on why the confession was voluntary and this lack of findings precluded appellate review. The district court summarily dismissed the motion. The court ruled:  "A proceeding under K.S.A. 60-1507 may not be used as a substitute for direct appeal or as a substitute for a second appeal. The grounds for relief argued by petitioner have been determined adversely to the petitioner by the appellate court." Gibson timely appealed.

Summary dismissal of a K.S.A. 60-1507 motion is appropriate when the motion, files, and case records conclusively show the prisoner is entitled to no relief. When the district court summarily denies a K.S.A. 60-1507 motion, the appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Gibson's claim is barred for two reasons. First, Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. R. 222) provides that a K.S.A. 60-1507 motion may not be used as a substitute for a second appeal, absent exceptional circumstances. "Exceptional circumstances" have been defined to include unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding. *State v. Mitchell*, 297 Kan. 118, 123, 298 P.3d 349 (2013). Gibson makes no claim of exceptional circumstances here. In fact, Gibson raised this same issue on direct appeal and uses this K.S.A. 60-1507 motion as a substitute for a second appeal in contravention of Rule 183(c)(3).

3

The second reason for dismissal is that Gibson's claim is barred by res judicata. After a direct appeal is taken from a criminal conviction, the doctrine of res judicata precludes the parties to the appeal from relitigating any issue decided in the direct appeal. *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 2, 326 P.3d 1083 (2014); *Woods v. State*, 52 Kan. App. 2d 958, Syl. ¶ 1, 379 P.3d 1134 (2016). Res judicata provides that issues finally determined cannot afterwards be relitigated. Res judicata requires four elements:

- the same claim;
- the same parties;
- that the claims were or could have been raised; and
- a final judgment on the merits. *Kingsley*, 299 Kan. at 901.

Gibson's direct appeal involved the same parties and resulted in a final judgment on the merits. Further, Gibson raised the same claim in his direct appeal that he now raises in this K.S.A. 60-1507 motion. In his K.S.A. 60-1507 motion, Gibson complained that the trial court's failure to make more specific findings of fact on its denial of his motion to suppress hindered appellate review. However, on direct appeal the Supreme Court found that the record was sufficient for appellate review and the analysis and outcome on the voluntariness issue would not have changed even if the trial court had been more explicit in its findings. 299 Kan. at 217. Gibson contends his inculpatory statements to police were involuntary and should have been excluded from trial. But the Supreme Court found that the record provided substantial competent evidence that Gibson's statements were knowingly and voluntarily given. And, after conducting a de novo review of the trial court's legal conclusions, the Supreme Court held that Gibson's statements were voluntary. 299 Kan. at 219. Accordingly, the claims raised by Gibson in his K.S.A. 60-1507 motion are barred by res judicata.

Affirmed.