NOT DESIGNATED FOR PUBLICATION

No. 118,377

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M. L. DENNEY,
*Appellant*,

v.

KANSAS PRISONERS REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; OLIVER KENT LYNCH, judge. Opinion filed May 11, 2018. Affirmed.

*Lucas J. Nodine*, of Nodine Legal, LLC, of Parsons, for appellant.

*Thomas E. Nanney*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: Dale M. L. Denney has filed numerous appeals with this court. In this appeal, he challenges the summary denial of a motion filed with the trial court in which he asked the trial court to not only reverse its previous order summarily denying his K.S.A. 60-1501 petition, but also reverse this court's decision in *Denney v. Kansas Prisoner Review Board*, No. 116,532, 2017 WL 1035566 (Kan. App. 2017) (unpublished opinion), *rev. denied* 306 Kan. 1317 (2017) (Board I case), affirming the trial court's summary denial. Because Denney's arguments against the Kansas Prisoners Review Board (Board) are barred, we affirm the summary denial of his current motion.

1

As explained in the Board I case, the facts of Denney's case are as follows:

"Denney was convicted of rape and aggravated burglary in 1987 (1987 Case). *State v. Denney*, 278 Kan. 643, 643, 101 P.3d 1257 (2004). Denney's 'sentences were of indeterminate length, and his sentence begin date was January 7, 1988.' 278 Kan. at 643-44. The indeterminate sentence was later converted to a 36-month determinate sentence. Denney was paroled on July 20, 1992. While Denney was on parole, he committed additional offenses which were dealt with in case numbers 93 CR 1343 (Case I) and 93 CR 1268 (Case II). In Case I, Denney was convicted of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. Denney committed these offenses in October 1992, so the Kansas Sentencing Guidelines Act (KSGA) did not apply. In Case II, Denney was convicted of aggravated criminal sodomy, aggravated battery, aggravated sexual battery, and an aggravated weapons violation. The crimes in Case II were committed after July 16, 1993, so the KSGA applied.

"The charges in Case I were consolidated with the charges in Case II for trial. In Case I, the district court sentenced Denney to 6 to 20 years for aggravated sexual battery and 2 to 10 years for the aggravated weapons violation. These sentences 'were to run concurrent with each other but consecutive to the aggravated criminal sodomy sentence of 30 years to life.' 278 Kan. at 644. In Case II, the district court sentenced Denney to 228 months in prison, set to run consecutively to the sentence in Case I.

"In 2016, Denney appeared before the Board for Case I (if paroled, Denney would begin serving the sentence for Case II). The Board denied Denney parole and passed Denney's case for further consideration to July 2020. The Board gave the following reasons for passing: 'Serious nature/circumstances of crime; Denies responsibility; Failure on parole/probation; Objections.' The Board gave the following reasons for the extended pass: '[The] inmate committed new crimes while on parole/incarcerated. The inmate's crime resulted in multiple victims and caused lasting impact on those victims. The inmate has not demonstrated behavioral insights necessary to decrease his risk to reoffend.' Denney filed a petition for writ of habeas corpus under K.S.A. 2016 Supp. 60-1501. The district court affirmed the Board's decision after finding that Denney 'fail[ed] to provide any factual basis for support of his contention that the

2

[Board's] denial of his parole was arbitrary and capricious.'" *Denney*, 2017 WL 1035566, at \*1.

On appeal to this court in the Board I case, Denney alleged that the Board erred in three ways: "(1) by relying on facts from a conviction when that conviction was not before the Board; (2) by denying him the parole status effect of a sentence conversion; and (3) by disregarding evidence that the Board was required to consider." *Denney*, 2017 WL 1035566, at \*1. This court rejected each of these arguments. 2017 WL 1035566, \*2-3. Denney filed a petition for review with our Supreme Court, which was denied on May 12, 2017.

Next, Denney filed a pro se motion with the trial court requesting "relief from [the] order denying 60-1501 habeas petition" under K.S.A. 60-260, K.S.A. 60-2606, and K.S.A. 60-1701. In this motion, Denney asked the court to reverse its prior ruling and this court's ruling because both courts either rejected or failed to consider arguments he deemed important. The Board responded that each of Denney's arguments were meritless. The district court agreed, summarily denying Denney's motion by adopting the Board's arguments. Denney timely appealed the denial of this motion.

On appeal from the denial of this motion, Denney's complaints are twofold. First, he argues that when the trial court, and later this court, rejected his argument that the victim recanted her testimony, both courts relied on an affidavit from the victim's 1993 civil case to do so; he contends that this violates the rule that courts are not allowed to make "legal conclusions in [a] separate and distinct case" when denying a K.S.A. 60-1501 petition. He argues that this makes both courts' orders void, meaning their orders can be reversed as void under K.S.A. 60-260(b)(4). Second, Denney argues that the Board could not deny his parole just because he "denie[d] responsibility" for his crimes; he asserts that he has a right to claim actual innocence. Therefore, he requests relief under

3

K.S.A. 60-260(b)(6), which allows a court to provide relief for "any . . . reason that justifies relief."

The Board responds that Denney's arguments fail because he cannot request relief under K.S.A. 60-260(b). Alternatively, the Board responds that Denney's arguments are barred under the doctrine of res judicata and otherwise meritless.

First and foremost, however, we must point out a significant procedural issue: Denney's requested relief below was for the trial court to reverse this court's holdings in the Board I case. Denney's K.S.A. 60-1501 petition and motion for "relief from [the] order denying 60-1501 habeas petition" both come from his Labette County case No. 16 CV 29. Denney filed the latter motion right after the mandate was issued in the Board I case. Therefore, the relief Denney requested required the trial court to defy our mandate.

Concerning appellate mandates, our Supreme Court has explained:

"A lower court is bound to follow an appellate court's mandate and has no authority to consider matters outside the mandate. See *Kansas Baptist Convention v. Mesa Operating Ltd. Partnership*, 258 Kan. 226, 231, 898 P.2d 1131 (1995); see also K.S.A. 60-2106(c) (appellate court mandate and opinion 'shall be controlling in the conduct of any further proceedings necessary in the district court'). This rule is so fundamental that we have labeled it 'axiomatic.' [Citation omitted]." *Gannon v. State*, 303 Kan. 682, 703, 368 P.3d 1024 (2016).

Simply put, the trial court had no authority to alter this court's decision in the Board I case affirming the summary dismissal of his K.S.A. 60-1501 petition. As a result, the trial court correctly denied Denney's motion.

Notwithstanding the preceding, we note that the doctrine of res judicata bars Denney's current claims. Whether the doctrine of res judicata applies is a question of law

4

over which appellate courts have unlimited review. Claims are barred under the doctrine of res judicata if the following elements are met: "'[1] same claim; [2] same parties; [3] claims [that] were or could have been raised; and [4] a final judgment on the merits.' [Citation omitted.]" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014).

Here, as evidenced by Denney's complaints of this court's rulings against him about the victim recanting her testimony, Denney has already raised his claim about the Board. Further, there is a judgment against him on the merits, which was final. See 2017 WL 1035566, at *4-5 (where this court rejected this argument, in part, because it was baseless, "requir[ing] a quantum leap" of logic). As to Denney's second argument about his right to claim his innocence, he did not raise this argument in the Board I case. Yet, he certainly could have raised this argument in the Board I case. In fact, in another recent appeal, Denney did raise a claim of actual innocence, but this court rejected it as time barred and successive. *State v. Denney*, No. 116,973, 2018 WL 560170 (Kan. App. 2018) (unpublished opinion). Thus, it is readily apparent that both of Denney's arguments are barred under the doctrine of res judicata.

Accordingly, we affirm the summary denial of Denney's motion.

5