NOT DESIGNATED FOR PUBLICATION

No. 119,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON W. SCHAEFFER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed March 29, 2019.
Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., BUSER and STANDRIDGE, JJ.

PER CURIAM:  Jason W. Schaeffer pled guilty to first-degree murder, aggravated
kidnapping, aggravated robbery, and a weapons violation in 1994. These convictions
were upheld on Schaeffer's direct appeal. See *State v. Schaeffer*, 295 Kan. 872, 286 P.3d
889 (2012). In 2015, Schaeffer filed a K.S.A. 60-1507 motion making various claims for
relief. In a 24-page memorandum decision and order, filed on September 4, 2015, the
Honorable Evelyn Z. Wilson summarily denied the motion.

On appeal, Schaeffer contends the district court erred in denying the motion with
regard to two ineffective assistance of trial attorney claims:  (1) failure to request a

1

competency evaluation before trial, and (2) failure to object to the trial judge's comments during sentencing. We will address each claim individually.

## FAILURE TO REQUEST A COMPETENCY EVALUATION

On appeal, Schaeffer asserts "the real question is whether trial counsel was ineffective for failing to request a competency evaluation faced with the evidence before counsel at the time."

In its written decision denying Schaeffer's claim, the district court identified and applied the controlling statute, K.S.A. 22-3302(1), regarding a defendant's competency to stand trial. The district court also summarized the lack of evidence in the record to indicate that Schaeffer was incompetent either before or during the trial. The district court concluded: "[T]he facts of the case disclose no indication that either the [defense] attorney, the prosecutor, or the judge believed that [Schaeffer] was at any time unable to understand the nature and purpose of the proceedings against him."

Upon our independent review of the record, the parties' briefs, and the district court's memorandum decision and order, we affirm the district court's ruling in accordance with Supreme Court Rule 7.042 (2019 Kan. S. Ct. R. 48). In particular, we affirm this issue under Rule 7.042(b)(2) because the appellate issue is without merit, and Rule 7.042(b)(5) because the opinion or findings of fact and conclusions of law of the district court adequately explain the decision.

## FAILURE TO OBJECT TO THE TRIAL JUDGE'S COMMENTS AT SENTENCING

On appeal, Schaeffer also contends the district court erred "in analyzing the gratuitous comments made by the [trial court] at Mr. Schaeffer's sentencing."

In Schaeffer's direct appeal, our Supreme Court considered this same issue and found the sentencing judge's comments were excessive and ill-advised and the judge should have recused himself. *Schaeffer*, 295 Kan. at 876. But the Supreme Court held that Schaeffer's claim failed because "he has not demonstrated that actual bias or prejudice warrants setting aside his sentences." 295 Kan. at 876.

Schaeffer acknowledges that in his K.S.A. 60-1507 motion he only claimed error on the part of the sentencing judge in making improper comments and that this issue was previously raised by Schaeffer to no avail on direct appeal to the Kansas Supreme Court. For the first time on appeal, Schaeffer now claims his *attorney* was ineffective by failing to object in any way "to these obviously biased and corrosive comments by the sentencing judge."

In considering Schaeffer's claim of trial court error in his K.S.A. 60-1507 motion, the district court concluded:

> "Plaintiff argues that the district court erred when it interjected comments indicating personal bias and comments regarding Plaintiff's prior bad acts and mental examination. The essence of this argument was previously raised in the Plaintiff's direct appeal, and was denied by the Kansas Supreme Court. See *State v. Schaeffer*, 295 Kan. at 876-77. Because the issue is now res judicata, this Court summarily denies the Plaintiff's Motion on this ground. See *State v. Barnes*, 37 Kan. App. 2d [136,] 139[, 149 P.3d 543 (2007)].

Upon our independent review of the record, the parties' briefs, and the district court's memorandum decision and order, we affirm the district court's ruling denying Schaeffer's K.S.A. 60-1507 motion on this basis. This affirmance is in accordance with Supreme Court Rule 7.042. In particular, we affirm this issue under Supreme Court Rule 7.042(b)(2) because the appellate issue raised below is without merit, and Rule

3

7.042(b)(5) because the opinion or findings of fact and conclusions of law of the district court adequately explain the decision.

With regard to Schaeffer's new claim raised for the first time on appeal that his *trial attorney* was ineffective for failing to object to the district court's sentencing remarks, we will consider this issue upon the basis proffered by Schaeffer—consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

In considering this aspect of Schaeffer's claim, we apply the two-prong ineffective assistance of counsel test which requires a movant to prove that "(1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014).

In Schaeffer's direct appeal, our Supreme Court ruled that the trial judge's sentencing remarks were in error. *Schaeffer*, 295 Kan. at 876. However, the Supreme Court concluded the remarks were not prejudicial:

> "[T]he judge plainly evaluated several of the sentencing factors enumerated in the then-controlling K.S.A. 21-4606 (Ensley 1992). Those factors included: '[t]he defendant's history of prior criminal activity; . . . [t]he extent of the harm caused by the defendant's criminal conduct; . . . [w]hether the defendant intended that his criminal conduct would cause or threaten serious harm; . . . [and t]he degree of the defendant's provocation.' The judge mentioned Schaeffer's three prior juvenile adjudications. He was well aware of the unprovoked and particularly cruel nature of Schaeffer's crimes in this case: Schaeffer was the lone initiator; he escalated the situation's seriousness; he boastfully displayed Riley's car with Riley in its trunk to a friend; and he mocked Riley by questioning him about the comfort of his trunk ride just before summarily executing him. The judge also

4

expressly considered the harm Schaeffer caused to Riley's family. *The mere fact that Schaeffer's sentences were harsh and consecutive does not establish actual prejudice*." (Emphasis added.) 295 Kan. at 876-77.

In short, our Supreme Court has previously found the trial judge's intemperate comments did not prejudice Schaeffer's sentencing. This finding of no prejudice is res judicata. See *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014) (Where an appeal is taken from a conviction or sentence imposed, the judgment of the appellate court is res judicata as to all issues actually raised.). Even assuming defense counsel was ineffective for failing to object to the comments, given our Supreme Court's finding that there was no actual prejudice, Schaeffer cannot prove the second prong of the ineffective assistance of counsel test. Accordingly, we affirm the district court on this aspect of Schaeffer's argument.

Summary dismissal of a K.S.A. 60-1507 motion is appropriate when the motion, files, and record in the case "conclusively show that the prisoner is entitled to no relief." K.S.A. 2018 Supp. 60-1507(b). For all of the reasons stated in this opinion, the district court did not err in summarily denying Schaeffer's motion.

Affirmed.