NOT DESIGNATED FOR PUBLICATION

No. 120,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

COY MATHIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed September 13, 2019. Affirmed.

*Coy Mathis*, appellant pro se.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., GREEN and MALONE, JJ.

PER CURIAM: A jury convicted Coy Mathis of felony murder. While Mathis' direct appeal was pending, Mathis filed his first K.S.A. 60-1507 motion with the trial court. The trial court denied the motion. Over a decade later, Mathis moved for relief from judgment for lack of subject matter jurisdiction under K.S.A. 60-260(b)(4) and (b)(6). He argued that the trial court must set aside the denial of his original K.S.A. 60-1507 motion because the trial court lacked subject matter jurisdiction over the issue. The trial court denied this motion. Mathis appeals. For the reasons stated later, we affirm.

1

A jury convicted Mathis of felony murder, and our Supreme Court upheld his conviction on direct appeal in 2006. *State v. Mathis*, 281 Kan. 99, 111, 130 P.3d 14 (2006). Mathis has since engaged heavily in postconviction litigation. Most recently, a panel of this court affirmed the trial court's denial of Mathis' request for DNA testing. *State v. Mathis*, No. 117,591, 2018 WL 1545841 (Kan. App. 2018) (unpublished opinion). Mathis also filed numerous K.S.A. 60-1507 claims. The 2018 panel's decision details Mathis' efforts to attack his conviction:

> "A Wyandotte County jury found Mathis guilty of felony murder and not guilty of the remaining count of abuse of a child. The district court sentenced Mathis to life imprisonment with no eligibility for parole for 20 years. 281 Kan. at 100. Ultimately, the Kansas Supreme Court, on appeal, upheld his conviction. 281 Kan. at 111.
>
> "In 2003, while his direct appeal was pending, Mathis filed, at different times, a motion with the Kansas Court of Appeals seeking to remand his appeal to the trial court so that he could raise an ineffective assistance of counsel issue and a K.S.A. 60-1507 motion with the district court, raising the same ineffective assistance of counsel claim. The Kansas Court of Appeals granted the remand motion, and the district court heard both the ineffective assistance of counsel claim and the K.S.A. 60-1507 motion and ruled against Mathis on both issues. During the direct appeal, the Kansas Supreme Court addressed Mathis' ineffective assistance of counsel claim and upheld the district court's decision. 281 Kan. at 110-11.
>
> "After he was unsuccessful on direct appeal and on his K.S.A. 60-1507 motion, Mathis petitioned the United States District Court for the District of Kansas in 2009 for habeas corpus relief under 28 U.S.C. § 2254. *Mathis v. Cline*, No. 07-3049-JWL, 2009 WL 256567 (D. Kan. 2009) (unpublished opinion). In his habeas corpus action, Mathis asserted the same issues—including ineffective assistance of counsel—that he had presented in his direct appeal. 2009 WL 256567 at *1. On February 2, 2009, the Honorable John W. Lungstrum denied Mathis' request for relief. 2009 WL 256567, at *11.
>
> "In 2010, Mathis returned to Kansas courts and filed a K.S.A. 60-1507 motion in district court. *Mathis v. State*, No. 107,525, 2013 WL 781111 (Kan. App. 2013)

2

(unpublished opinion), *rev. denied* 298 Kan. 1203 (2013). This time, he claimed that his appellate counsel had been ineffective. 2013 WL 781111, at *1. Both the district court and this court agreed that the K.S.A. 60-1507 motion was barred as untimely. Both courts also agreed that Mathis had failed to show that manifest injustice would result if the courts did not hear his untimely claims. *Mathis*, 2013 WL 781111, at *1, 4.

"In 2013, Mathis filed another K.S.A. 60-1507 motion in district court. *State v. Mathis*, No. 112,599, 2015 WL 5774032 (Kan. App. 2015) (unpublished opinion). In his motion, Mathis asserted that the district court had no subject matter jurisdiction over his K.S.A. 60-1507 motion filed in 2003 while his direct appeal was pending before the Supreme Court. *Mathis*, 2015 WL 5774032, at *1. Again, both the district court and this court determined that Mathis' 2013 K.S.A. 60-1507 motion was procedurally barred as being untimely and successive. *Mathis*, 2015 WL 5774032, at *3." 2018 WL 1545841, at *2.

Mathis' K.S.A. 60-1507 motion which he alleged that the trial court lacked jurisdiction over was filed on September 3, 2003. Moreover, the trial court denied this motion on August 4, 2004.

On October 17, 2018, Mathis moved for relief from judgment for lack of subject matter jurisdiction under K.S.A. 60-260(b)(4) and (b)(6). He argued that under Supreme Court Rule 183(c)(2) (2019 Kan. S. Ct. R. 229), the trial court lacked jurisdiction over his K.S.A. 60-1507 claim back when he first filed it in 2003 because then our Supreme Court maintained jurisdiction over his direct appeal. Thus, he asked the trial court to vacate the 2004 denial of his original K.S.A. 60-1507 claim.

On October 25, 2018, the trial court denied Mathis' motion, reasoning that Mathis "had his day(s) in court." Mathis timely appealed.

*Should Mathis' Original K.S.A. 60-1507 Denial be Set Aside Under K.S.A. 60-260*
*for Lack of Jurisdiction?*

Mathis moved under K.S.A. 60-260(b)(4) and (b)(6) to have the 2004 denial of his first K.S.A. 60-1507 motion set aside as a void judgment. The relevant portions of K.S.A. 2018 Supp. 60-260(b) provide the following:

> "(b) *Grounds for relief from a final judgment, order or proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
> . . . .
> (4) the judgment is void;
> . . . .
> (6) any other reason that justifies relief."

In his appellate brief, Mathis does not argue that K.S.A. 60-260(b)(6) applies here; accordingly, any arguments about K.S.A. 60-260(b)(6) are waived. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (issues not briefed are waived or abandoned).

With respect to K.S.A. 60-260(b)(4), this court cannot reach the issue on the merits. Mathis has not utilized a proper vehicle to raise this issue. Our Supreme Court ruled in *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1, 326 P.3d 1083 (2014), that K.S.A. 60-260 cannot be used to "collaterally attack[] a criminal conviction and sentence." After *Kingsley*, several panels of this court have applied this rule and held that K.S.A. 60-260 cannot be used to collaterally attack a conviction or a habeas proceeding.

The most recent case is *Davis v. State*, No. 118,396, 2018 WL 5851626 (Kan. App. 2018) (unpublished opinion), *petition for rev. filed* December 6, 2018. Davis was convicted in 1997. His convictions were affirmed on direct appeal. In 2006, Davis moved for a new trial; the trial court denied it. Davis appealed the denial. The appeal was

dismissed after Davis failed to respond to a show cause order. In 2008, Davis filed another K.S.A. 60-1507 motion alleging ineffective assistance of counsel in the earlier appeal denying his motion for a new trial. He also reasserted his original K.S.A. 60-1507 claim of newly discovered evidence in this K.S.A. 60-1507 motion. The trial court denied the motion as untimely. Davis appealed this denial; a panel of this court affirmed the trial court's denial.

The panel cited *Kingsley*, 299 Kan. 896, Syl. ¶ 1, and held that K.S.A. 60-260(b) is a "civil procedure statute that cannot be used to collaterally attack a criminal conviction or sentence." 2018 WL 5851626, at *3. The panel noted that even though Davis alleged a defect in the habeas proceedings whereas *Kingsley* only reasserted previously raised substantive claims, this was a "distinction without a difference because 'there must be a procedural vehicle for presenting the argument to the court.' *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013)" and "K.S.A. 60-260 cannot be used to collaterally attack a criminal conviction and sentence." 2018 WL 5851626, at *3.

In 2016, a different panel of this court similarly held that K.S.A. 60-260 could not be used to attack a K.S.A. 60-1507 proceeding. See *Loggins v. State*, No. 114,579, 2016 WL 4413504, at *2 (Kan. App. 2016) (unpublished opinion) ("[T]his appeal arises from an underlying K.S.A. 60-1507 motion, a civil proceeding, instead of from an underlying motion to vacate a criminal sentence. But neither party contends that this distinction makes any difference to our analysis, and we find it does not.").

In 2015, yet another panel of this court affirmed a trial court's ruling that a defendant could not use K.S.A. 60-260 to collaterally attack his conviction through a motion for relief from judgment.

"Although Dixon acknowledges *Kingsley*, he argues that it is distinguishable because he filed a K.S.A. 60-260 motion in a civil proceeding, whereas Kingsley filed the same

5

motion 'to set aside the judgment of conviction in a criminal proceeding.' As the State points out, this is a distinction without a difference because the Kansas Supreme Court has held that neither K.S.A. 60-260 nor K.S.A. 60-2606 can be used to 'collaterally attack[ ] a criminal conviction and sentence.' *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1." *Dixon v. State*, No. 112,676, 2015 WL 5311295, at *2 (Kan. App. 2015) (unpublished opinion).

There is no evidence that our Supreme Court is departing from its holding in *Kingsley*. Accordingly, this court is duty bound to follow our Supreme Court's precedent and decline to reach Mathis' arguments about jurisdiction on their merits. See *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015) ("This court is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position."). Mathis cannot use K.S.A. 60-260 as a vehicle to present his jurisdiction arguments to this court. While the trial court did not cite *Kingsley* or the subsequent Court of Appeals opinions as the basis for its denial, we nevertheless affirm the trial court's denial as right for the wrong reasons. See *Atkins v. Webcon*, 308 Kan. 92, 102, 419 P.3d 1 (2018).

Affirmed.